## HENRY STANLEY *v.* CHARLES KOEHLER.

Where a landlord, being informed of his tenant's intention to remove from the demised premises on a certain day, gave him permission to leave some of his prop-

erty on the premises after the day named—*Held,* that giving such permission was evidence from which an acceptance of a surrender of the premises might be presumed; and that no rent could accrue thereafter.

APPEAL from a judgment of the Sixth District Court. The action was brought to recover rent of certain premises consisting of lofts with steam power, hired by the defendant of the plaintiff. The hiring was from October to the first of May following. The steam-power furnished was not sufficient for defendant's purposes, and on this account he removed from the premises about the 1st of December.

It appeared on the trial that three days before defendant's removal, he sent word to the plaintiff that he was about to remove, and that plaintiff said he was sorry, for he must then get some other person to hire his power. The plaintiff also admitted that he gave defendant the privilege of leaving some of his property on the premises for a few days after the 1st of December.

The justice rendered judgment for the plaintiff and defendant appealed.

*Diefendorf and Aikin,* for the appellant.

INGRAHAM, FIRST JUDGE.—I think the evidence shows a surrender on the 1st December with the plaintiff's assent.

The plaintiff admitted on the trial, that, when he was informed of the defendant's intended removal on the first of December, he said he should have to get some one to hire his power, and gave the defendant permission to leave some of his property on the premises after that date. Giving such permission is evidence from which an acceptance may be presumed, and if so, no rent could accrue thereafter.

The justice erred in rendering judgment for the plaintiff.

Judgment reversed.