HENRY ABELL *v.* ANN F. C. WILLIAMS.

The taking by a lessee of a new lease of premises, during the period of a prior demise, creates a presumption that a surrender of the first lease was intended,

While a tenant remains in possession even though his term has expired, he may remove the fixtures, to which he is entitled, unless that possession is under a new lease. In case of the acceptance of a new lease which does not give the right to remove the fixtures, that right is gone, and the tenant is in the same situation as if the landlord, being seized of the land and fixtures, had expressly demised both to him.

APPEAL by the defendant from a judgment of the court below.

The facts are fully stated in the opinion of the court.

BY THE COURT—BRADY, J.—By indenture dated May 1st, 1843, Dominick Lynch Lawrence leased to Catharine Patterson, Ann F. C. McLoughlin, and Peter E. Patterson, certain lands in the city of New York, then known as No. 58 Orange street, but which subsequently became No. 58 Baxter street, for the term of twenty-one years from said date, at the rent of one hundred dollars per year, payable quarterly. The lease contained a clause by which it was provided that on the last day of the term, or other sooner determination of the estate, the demised premises were to be yielded up to the lessor, his heirs or assigns, " except the buildings and improvements of every kind, which the parties of the second part, their heirs or assigns, shall remove from the premises and from the sidewalks and streets adjoining the same, unless the party of the first part, his heirs or assigns, shall elect to purchase the said improvements, and pay therefor such amount as may be satisfactory to the said parties of the second part, their heirs and assigns." Subsequently, by indenture dated March 26, 1861, Mr. Lawrence demised to Ann F. C. Dugan (who was formerly Ann F. C. McLoughlin, and afterwards Ann F. C. Williams), the other

lessees having previously died, the house and lot of ground now known as No. 58 Baxter street, in the city of New York, to be occupied for store and dwelling purposes, for four years from May 1, 1861, at the rent of $200 a year, payable quarterly."

Upon the death of Mr. Lawrence, his estate was partitioned, and the premises in question were conveyed to the plaintiff by deed dated June 20, 1864. The plaintiff exhibited the deed to the defendant, who afterwards paid rent to him for the premises, but refused, although in occupation, to pay rent for the quarter due May 1, 1865.

This action was brought to recover the last-mentioned quarter's rent, and the defendant pleaded that she had allowed the assignor of her lessor to take possession of the buildings on the lot, and that their value was $2,000, which she had not been paid, but she was entitled as against the plaintiff to set-off or counter-claim that amount.

The effect of the lease of March 26, 1861, upon the covenant respecting the taking away of the buildings or the payment of their value, contained in the lease of May, 1843, is the question which arises on this appeal.

The taking by a lessee of a new lease of premises during the period of a prior demise, is a virtual surrender of the first lease. That is the reasonable and the legal presumption arising from such new lease, because its acceptance is an acknowledgment by the lessee of the right and power of the lessor to make it. That legal presumption may be overcome, and when the circumstances show that it was not the intention of the parties to make such a surrender, the presumption will not be indulged, and no surrender will be established (*Livingston* v. *Potts*, 16 Johns. R. 28; *Van Rensselaer's Heirs* v. *Penniman*, 6 Wend. 569).

The circumstances offered to be proved in this case do not tend to destroy the legal inference. The new lease was for a further term when the first was about to expire, and under different covenants and of a different demise. It granted the house and lot of ground, and contained no reference to the previous lease or any covenant therein contained under which the house was erected, and for the possession of which, by the

lessor, provision was made. The lessor had the right to purchase the buildings erected if he elected so to do, and the presumption is that he did so, prior to the execution of the second lease.

There is another view, but not necessary to be taken or decided in this case. Independently of the point of surrender, the cases show that the right of the lessee to remove the buildings was gone when he accepted a new lease expressly demising them to him, and not reserving to him the right to take them away. While a tenant remains in possession, even though his term has expired, he may remove the fixtures to which he is entitled, unless that possession is under a new lease. When a tenant accepts a new lease, and the privilege to remove the fixtures is not given by it, that right is gone, and he is in the same situation as if the landlord, being seized of the land and fixtures, had expressly demised both to him (see Taylor on Landlord and Tenant, § 552, and cases cited).

That is precisely the case here.

In any aspect, I think the judgment below right, and that it should be affirmed.

Judgment affirmed.