### COPPER v. FRETNORANSKY.

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

LANDLORD AND TENANT—SURRENDER OR MODIFICATION OF LEASE.

Defendant having occupied plaintiff's premises for six months under a written lease for a year at an annual rent of $800, payable quarterly in advance, was in the act of removing from the premises, having placed his things in a wagon for that purpose, when plaintiff's agent told him that, rather than have the premises idle, he would not charge him for the ensuing quarter, whereupon defendant resumed his occupancy. *Held,* that the facts constituted a surrender or modification of the original lease, and that plaintiff's agreement to let defendant have the premises free for the quarter was supported by a sufficient consideration, as defendant, while liable under his lease for the rent of the full term, was not obliged to occupy the premises, his engagement being only to pay rent.

Appeal from district court.

Action by William S. Copper against Jacob Fretnoransky for rent. From a judgment for defendant entered on the verdict of a jury plaintiff appeals. Affirmed.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Albert I. Sire,* for appellant.    *William E. Cook,* for respondent.

PRYOR, J. By a lease in writing, but not under seal, the premises were let to the defendant for one year from May 1, 1890, at an annual rent of $800, payable quarterly in advance. On the 1st of November, therefore, $200 were due for the quarter ending on the 31st of January. On the 11th of November the defendant paid the $200 in installments of $46 and $154, the receipt for the latter reciting that it was "in full to April 30th." The action is to recover rent for the quarter from 1st February to 30th April. The defense is a surrender on the 11th of November, or, at least, a modification of the original demise. The jury were authorized to find, and their verdict must be taken as finding, that on the 11th of November the defendant was in the act of removing from the premises, having placed his things in a wagon for that purpose; that thereupon the plaintiff, by his agent, said to the tenant that he would rather have him there than the house idle, and that if he would remain in the house he would charge him nothing for the quarter in question; and that thereupon the defendant resumed occupancy of the premises. Upon this state of facts the question is, was there a surrender, or a change of the contract of letting, whereby the defendant was to occupy the premises for the last quarter without payment of rent?

That the facts shown constituted a surrender by operation of law would seem to follow from the adjudication in *Stanley* v. *Koehler,* 1 Hilt. 354. There the lease was from October to May. On the 1st of December the tenant removed from the premises. Three days before the removal he sent word to the landlord that he was about to quit, and the landlord replied that he was sorry, and he gave the tenant permission to leave some of his property on the premises. Held a surrender, and that no rent could accrue thereafter. In the present case, while the tenant was moving out of the house with the

declared intention of abandoning the premises, the landlord said to him that he would rather have the tenant remain than the house idle, and that if he would remain he should be free of rent for the quarter in question; that thereupon the tenant resumed occupancy of the premises; and that accordingly the landlord gave him a receipt in full to the 30th of April. Here, beyond doubt, was a termination of the demise, and a creation of a new term upon totally different conditions. "A surrender, by operation of law, may be derived from the acts of the parties, or be effected by words manifesting the intention of the lessee to yield up the estate, or by acts of the parties which imply that both agree to consider the surrender as made." *Beall* v. *White*, 94 U. S. 382. "A surrender is implied and effected by operation of law when another estate is created by the reversioner, with the assent of the tenant, incompatible with the existing estate or term, as by the taking of a new lease by the lessee." *Coe* v. *Hobby*, 72 N. Y. 141, 145; *Abell* v. *Williams*, 3 Daly, 17; 1 Schouler, Pers. Prop. 38; 6 Lawson, Rights, Rem. & Pr. p. 4669; 12 Amer. & Eng. Enc. Law, p. 758*i;* McAdam, Landl. & Ten. p. 467.

But the appellant contends, and rightly contends, that a new lease, to be effectual as a surrender, must be a valid lease, and that the second demise to the respondent was void for want of consideration. It is an elementary principle that a legal possibility of benefit to the contractor or detriment to the contractee is a sufficient consideration to support an agreement. Now, here the tenant had resolved to leave the premises, and had partially removed therefrom, when he was induced by the promise of the landlord to resume occupancy and to continue in possession. This continued possession the landlord himself treated as a benefit to him,—he would rather have the tenant remain than the house idle,—and it is quite conceivable that, by continuing in possession, the tenant incurred some loss and submitted to some sacrifice. It is apparent, therefore, that the landlord's engagement to let the tenant have the premises rent free for the quarter in question is upheld by a valid and sufficient consideration.

Appellant urges, however, that the consent of the tenant to remain on the premises was inoperative as a consideration, because thereby he only agreed to do what by the original lease he was already under legal obligation to do. But this is a gratuitous assumption. By no express or implied terms of the demise was the tenant obliged to occupy the premises. His engagement was not to occupy them, but to pay rent for them; and the engagement of the landlord was that he might, not must, occupy them. Indisputably the tenant was free to leave the premises at will. Assuming, however, that here was no surrender of the term, still the agreement would be operative as a modification of the original lease. *Coe* v. *Hobby*, 72 N. Y. 141, 148. The lease being only for a year, and not under seal, its terms were susceptible of change by parol stipulation. It is questionable whether the landlord's agent had authority to make the new agreement, and, had the point been taken, it might have been fatal to the defense; but, as it was suggested neither at the trial nor upon this appeal, the presumption is that the parties assented to the agent's authority. *Wilson* v. *Lester*, 64 Barb. 431, 438. The result is that the judgment must be affirmed, and it is so ordered, with costs. All concur.