## FINOLA MFG. CO. v. PAULSEN et al.

No. 4867.   Opinion Filed August 3, 1915.

(151 Pac. 195.)

CONTRACTS—Evidence—Parol—Varying Written Contracts—Modification. Parties to a written contract may by a subsequent, executed, parol agreement annul the whole or any portion of said contract. And the purpose and effect of evidence of such parol agreement is not to vary the terms of the written contract, but to show that by mutual consent it was rescinded or annulled. And, where the evidence is clear or undisputed that by an executed parol agreement the contract was annulled, neither party can claim any benefits under it.

(Syllabus by Brett, C.)

*Error from County Court, Canadian County;*
*W. A. Maurer, Judge.*

Action by the Finola Manufacturing Company against H. C. Paulsen and another. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

*W. M. Wallace,* for plaintiff in error.

*Babcock & Trevathan,* for defendants in error.

Opinion by BRETT, C. The facts in this case, briefly stated, are that the defendants in error, who were defendants below, leased a scrubbing machine from the plaintiff in error, plaintiff below, under a written contract, which gave them the right to return the machine at the end of one year by paying $90 for the use of the machine for that year. And under the same contract defendants purchased two barrels of scrubbing powder to be used with the machine, at a price of $21.79. The evidence is the machine proved unsatisfactory, and the defendants

so notified the company; and the president of the company came to their place of business, and tried to put the machine in working order, and on leaving told the defendants, if it still failed to give satisfaction, to case it up and return it to the company, and the use of it would cost them nothing. Defendants, after attempting again to use it, found it still unsatisfactory, and returned it to the company, and the company accepted it and receipted for it. At the same time, defendants sent the amount due on the scrubbing powders and retained them. The company at the end of one year sued for the $90 stipulated in the written contract as the rental value of the machine for one year. The defendants pleaded a breach of warranty and rescission of the contract, and filed a counterclaim for the price paid for the scrubbing powders and the amount expended for hired help in trying to operate the machine. The defendants assumed the burden of proof, and, at the close of their evidence, the court sustained a demurrer to the evidence offered in support of the counterclaim for money expended for hired help to operate the machine. At the close of all the evidence, the court instructed the jury to return a verdict for the defendants for $21.79, the amount paid by defendants for the scrubbing powder. This verdict was returned, and judgment rendered on it; and from this judgment the plaintiff in error, plaintiff below, appeals to this court.

The plaintiff complains that the court permitted the defendants to testify as to the oral agreement, made by the president of the company, that if the machine continued to be unsatisfactory they might return it, and the use of it would cost them nothing, and that it had been returned, and accepted by the company, and receipted for; insisting that this evidence was inadmissible, because it

sought to vary the terms of a written contract by parol evidence.

But the purpose and effect of this evidence was, not to vary the terms of the written contract, but to show that by a subsequent, executed parol agreement the contract had been canceled or rescinded. This evidence was undisputed. And under this undisputed evidence the machine was returned by direction of the plaintiff, and under a stipulation annulling that portion of the written contract which obligated the defendants to pay for the machine. The defendants seem in good faith to have acted upon this agreement, and the plaintiff apparently accepted the machine under its terms, and is in no position, now, to claim any benefit from that portion of the written contract.

But the agreement was silent as to the scrubbing powders, and the defendants retained them and settled for them, clearly indicating that under this last agreement they understood they were not relieved from doing so, and they are not now in a position to repudiate that act, and ask for a return of the money.

The court was right in binding the plaintiff to its agreement, but it was error not to also bind the defendants. The conditions of the agreement had been fully executed, and neither party can be heard to complain. Section 988, Rev. Laws 1910; *Early v. King,* 38 Okla. 206, 135 Pac. 286.

The facts being undisputed, the rights of the parties constitute purely a question of law, and a new trial is unnecessary. And we recommend that the court be directed to modify the judgment, by eliminating that portion which gives defendants judgment for $21.79, and as

modified that it be affirmed, and that the cost in this court be equally divided.

By the Court:    It is so ordered.