## HART v. FROST et al.

No. 9316—Opinion Filed Sept. 24, 1918.

(175 Pac. 257.)

1. **Appeal and Error—Depositions—Assignment of Error—Admission of Deposition.**

When a party to an action desires to interpose an objection to questions and answers contained in a deposition, taken when the party desiring to interpose said objection did not appear at the taking thereof, such objection should be interposed when the question or answer is offered in evidence by the party taking it, and unless such objection is interposed, pointing out the specific question or answer against which it is leveled, error cannot be predicated upon an assignment of error that the trial court committed error in the admission of said evidence, without designating and objecting to the introduction thereof at the time it is offered.

2. **Contracts—Evidence—Annulment of Contract—Agreement—Parol Evidence.**

Parties to a written contract may by a subsequent executed parol agreement annul the whole of any portion of said contract; and the purpose and effect of evidence of such parol agreement is not to vary the terms of the written contract, but to show that by mutual consent it was changed, rescinded, or annulled.

3. **Appeal and Error—Weight of Evidence —Rendition of Judgment—Equitable Cognizance.**

In an action of equitable cognizance, this court has the right and power to consider the whole record and weigh the evidence, and, if the judgment and decree of the court is clearly against the weight of the evidence, cause to be rendered such judgment as the trial court should have rendered.

**4. Reformation of Instruments — Reservations—Evidence.**

Record examined in the instant case, and judgment and decree held not to be against the weight of the evidence.

(Syllabus by Davis, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by Thomas Albert Hart against Ethel Frost and B. W. Frost. Judgment for defendants, and p aintiff brings error. Affirmed.

Claude Duval, for plaintiff in error.

Sam K. Sullivan and J. H. Hill, for defendants in error.

Opinion by DAVIS, C. On the 21st day of October, 1914, plaintiff in error, plaintiff below, entered into a written contract with defendants in error, defendants below, by the terms of which plaintiff purchased from defendants the northeast quarter of section 32, and the east half of the southeast quarter of section 29, township 29 north, range 5 east of the Indian meridian, Kay county. Okla., for the sum of $4,500. By the terms of said contract plaintiff assumed the payment or a mortgage then on said premises for the sum of $2,200; $100 was paid on the day that said contract was entered into; plaintiff executed his note for the sum of $400, due and payable in 10 days from the day that said contract was entered into, and the remainder of the purchase price was to be paid on December 1, 1914, at which time a warranty deed was to be delivered to plaintiff, showing clear title in defendants, except an oil and gas lease then on said lands and appearing of record. The deed was executed on the 21st day of October, 1914, by defendants and by terms of said contract was to be left in the hands of P. H. Albright & Co., together with the contract, and, upon the payment of the purchase price in full by plaintiff, P. H. Albright & Co. was instructed to deliver said deed to plaintiff. When plaintiff completed the payment of the purchase price and received his deed, it contained the following provision:

"It is understood and agreed that there is reserved to the grantors, for a period of 23 years from the date hereof, all right to the oil, gas, and mineral found to exist within the limits of the land covered by this deed, together with the right to make reasonable exploration therefor, and paying grantee $4 per acre yearly for all such land under development."

It is conceded by all parties that no such provision is contained in the contract of purchase, and the proviso appearing in the deed that reserves to the grantors the mineral and gas rights for a period of 23 years is not warranted by the contract of purchase. This action was instituted for the purpose of correcting the deed in question and making it conform to the terms of the contract of purchase. It is alleged in the petition that after said contract of sale had been entered into between plaintiff and defendants, and signed by all parties interested therein, and before or while the deed was being drawn, the defendants, without the knowledge or consent of plaintiff, and in violation of the terms of said contract, and with the intent to defraud and cheat plaintiff, and gain an undue advantage of plaintiff, wrongfully and by cunning and artifice procured the draftsman who wrote said deed to insert therein a clause and provision which had not been agreed on by the parties, and which was not provided for in said contract, whereby defendants reserved to themselves a valuable interest in said land.

Defendants for their answer deny that the deed was executed in accordance with said contract, but state the facts to be that subsequent to the making and signing of said contract in office of P. H. Albright & Co. on the 21st day of October, 1914, defendants made and executed their warranty deed to said property to plaintiff, and at the time of the execution of said deed that it was agreed by plaintiff and defendants that said reservation should be included in said deed; that said reservation was in writing and read to plaintiff twice before plaintiff agreed to said reservation of the gas and mineral rights being incorporated in said deed; that said deed was written and submitted to plaintiff before it was executed, and that plaintiff expressly agreed that said reservation could be included therein; that said deed was left with P. H. Albright & Co., which was acting as the agent of plaintiff, and that when the payment on said deed matured that plaintiff went to the office of Albright & Co., and paid the balance of the purchase price, and accepted the deed and had the same recorded.

On the foregoing issues the cause was tried to the court without the intervention of a jury. Judgment was rendered in favor of defendants. A motion for a new trial was filed and overruled. From the action of the court in overruling said motion an appeal is prosecuted to this court for the purpose of having said judgment reviewed.

The first assignment of error is that the court committed error in refusing to per-

mit plaintiff to interpose an objection to certain questions contained in a deposition offered in evidence by defendants. When plaintiff had closed his evidence in chief, defendants offered in evidence the deposition of defendants, that had been taken in Texas. When defendants made a tender of said evidence, the record discloses the following proceedings:

"Mr. Sullivan: I will read the deposition of Mr. and Mrs. Frost.

"Mr. Duval: Comes now the plaintiff, and shows to the court that the deposition now offered by defendants was taken in the absence of plaintiff and his counsel, and asks permission of the court to interpose objections to certain questions contained in the deposition, as read, upon the ground that they are incompetent, irrelevant, and immaterial.

"The Court:' The request of the plaintiff is denied."

Plaintiff excepted to the action of the court, and assigns as error the action of the court in making this ruling. The position of counsel for plaintiff is not tenable, for the reason that he should have interposed his objection when the particular questions and answers were offered in evidence by defendants. It is impossible for this court to say to which particular questions and answers counsel desired to object. We know of no procedure that permits an objection to be interposed to a question until it is offered in evidence. It is true that counsel might have designated such particular questions and answers as he desired to object to, and had the court pass upon his objection prior to the time the deposition was offered in evidence. But this he did not do, and we presume that the trial court, in the form of the objection made by counsel, was unable to tell what particular questions and answers counsel had in mind when the request was made. This action of the court, however, did not preclude counsel for plaintiff from making an objection to any question in said deposition when the same was offered in evidence, despite the ruling of the court. It is a fundamental right that counsel has to make such objections to the introduction of evidence as the rules of procedure or the interest of his client may require, and in the absence of such objection being made there is nothing before this court to pass upon. Had an objection been offered when any particular question was offered in evidence, and such an objection had been denied by the court, then the record would be in such condition that this court could review the action of the court

in refusing to permit any objection being lodged against the evidence offered.

It is next urged by counsel for plaintiff that it was error for the court to permit defendants to offer any testimony or evidence relative to the transaction between plaintiff and defendant after the contract of sale had been entered into that tended to prove that a new contract was entered into between the parties by the terms of which the reservation of the gas and mineral rights in said land was incorporated in said deed. This contention cannot be sustained, for the reason that the evidence offered was not for the purpose of varying the terms of a written instrument, but for the purpose of showing that a new contract was in fact entered into between the parties, by the terms of which it was expressly agreed that said reservation could be incorporated in the deed. It is true that parties to a written contract are not permitted to alter or abrogate it by a subsequent unexecuted parol agreement. But parties to a written contract may by a subsequent executed parol agreement annul the whole or any portion of said contract, and the purpose and effect of evidence of such parol agreement is not to vary the terms of the written contract, but to show that by mutual consent it was changed or abrogated. Indeed, if the law were otherwise, it would be dangerous to enter into a written contract. Finola Mfg. Co. v. Paulsen, 50 Okla. 591, 151 Pac. 195; Adler v. Friedman, 16 Cal. 139; Credit Clearance B. v. Hochbann Contracting Co., 25 Cal. App. 546, 144 Pac. 315; Pearsall v. Henry, 153 Cal. 314, 95 Pac. 154, 159; Bowman v. Wright, 65 Neb. 661, 91 N. W. 580, 92 N. W. 580; Cooper v. Fretnoransky, 16 N. Y. Supp. 866; Evans v. McKanna, 89 Iowa, 362, 56 N W. 527.

It is next urged that the judgment and decree of the court is not sustained by the evidence. This being an action of equitable cognizance, under a long line of decisions of this court, we have the power to consider the whole record and weigh the evidence, and if the judgment and decree of the court is against the weight of the evidence, cause to be rendered such judgment as the trial court should have rendered. Schock v. Fish, 45 Okla. 12, 144 Pac. 584; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 892.

The evidence upon the part of defendants discloses that plaintiff and defendants had agreed upon the terms of sale of the land in question, and that they went to the office of P. H. Albright & Co., on the 21st day of October, 1914, for the purpose of securing

the services of C. A. Johnson in preparing the contract and deed; that the terms of sale were given to Mr. Johnson, who prepared the contract and delivered it to a stenographer in his office to reduce to writing; that while the stenographer was preparing the contract, the plaintiff and defendants got Mr. Johnson to prepare the deed; that all of the parties were around the desk of Mr. Johnson, and when he went to write the deed Mr. Frost took a slip of paper out of his pocket containing the reservation of the gas and mineral rights that was incorporated in the deed; that plaintiff and Mr. Frost had considerable conversation about this reservation, and that plaintiff at first objected to its being incorporated in the deed, but after some conversation was had as to their agreement the plaintiff consented and agreed that said reservation could be made; that when said agreement was made the deed was drawn, executed, and delivered to Mr. Johnson, to be surrendered to plaintiff when the purchase price was paid; that Mr. Hart paid the remainder of the purchase price, and accepted said deed, and requested Mr. Johnson to have the deed recorded for him, which request was complied with; that Mr. Hart paid for the recording of the deed, and nothing was ever heard about the objection to the reservation until after the entire matter was closed.

That the foregoing transaction between plaintiff and defendants did in truth and fact occur is supported by the evidence of Mr. B. W. Frost, Mrs. B. W. Frost, and C. A. Johnson manager of P. H. Albright & Co. That any agreement was made, by the terms of which plaintiff agreed that said reservation should be incorporated in the deed, is denied by plaintiff. As to all the other transactions there is no controversy. We cannot say, in view of the record, that the judgment of the court is against the weight of the evidence; but, on the contrary, we are at a loss to know how any other conclusion could have been reached. Had a judgment been rendered in favor of plaintiff, this court would be warranted in setting it aside. Plaintiff's testimony is not only contradicted by all the witnesses, but the entire transaction from start to finish, and all the surrounding and incidental circumstances connected with it, indicate that said reservation was made with the full knowledge and approval of plaintiff.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.