## CUSHING REFINING & GASOLINE CO. v. SMITH & SMITH.

No. 27101. April 13, 1937.

Rehearing Denied June 8, 1937.

C. H. Madden, for plaintiff in error.

J. W. Watson, for defendant in error.

PHELPS, J. This was an action for the recovery of rentals due under a written lease of a filling station owned by the plaintiff lessor. The defendant lessee admitted the amount which was due under the lease, but claimed that by virtue of a subsequent oral agreement the prior written lease agreement was altered in such manner as entitled him to recover from plaintiff a larger amount than he owed the plaintiff, in that under such subsequent agreement he improved and enlarged the filling station, for which the plaintiff had not paid him. (There were in fact two defendants, a husband and wife, who were partners, but for clarity we shall use the singular number.) The verdict and judgment were for defendant, in the amount claimed owing him by plaintiff, less the rental due, and the plaintiff appeals.

The written lease agreement, as originally drawn, was for one year. Prior to entering into the lease the defendant stated to the plaintiff's representative that he, the defendant, would want to remove a small lean-to on the rear of the building and extend the building to the rear 12 feet, so that he could use that part as a garage. Accordingly, the following paragraph was incorporated in the lease when it was drawn up and signed, the defendants being designated as parties of the second part:

"It is further agreed, by and between the parties hereto, that due to the fact that the roof on the garage in the rear of the station building is leaky, parties of the second part desire to extend this garage a distance of 12 feet and reroof the whole structure at their own expense of material and labor, with the agreement by party of the first part that in the event parties of the second part are not successful in leasing the property for an additional year at the expiration of this lease, that party of the first part will pay to parties of the second part the sum of $25 for said material and labor."

The negotiations with defendant were conducted by a collection agent of the plaintiff corporation by the name of Parkinson. The lease was drawn up by Parkinson, and the defendant signed it, but was told that the general manager of the plaintiff corporation would have to sign on behalf of the plaintiff. Parkinson then took the lease agreement along with him and it was signed by said general manager.

The defendant testified that he then realized that if he was to entail the labor and expense of making such alteration in the building, he should have a clause in the lease giving him the option of renewing the lease for an additional year, if he desired it, so that his lease would run long enough to repay him for such initial expense. He further testified that an addenda was made to the lease, which was likewise signed by the general manager and initialed by the defendant, giving him the option of renewal. This "addenda," as the parties called it, was added to the lease agreement, in writing, and appears in the record.

So far, then, the terms of the lease would seem to fix the defendant's remuneration for improving the property at $25. But the defendant's theory was that this provision in the contract was altered or changed by an executed oral agreement, whereunder he was to extend the building back 12 feet, as in the contract provided, but was to, and did, put in a cement floor and perform the construction work in a more substantial manner than was at first contemplated, and that for such improvement he was to be allowed, as deduction from his rental, whatever amount of expense in material and labor he should thereby incur. He was permitted to testify to that state of facts, over the plaintiff's objection and exception, and that a certain figure named by him, considerably in excess of the amount of the rental due, represented his expense. It was manifestly the belief of this testimony upon which the jury based the verdict. It

therefore is important, in view of the statutes hereinafter discussed, to get a clear conception of the transaction which is claimed to have altered the contract.

The defendant testified that the oral agreement was made with Parkinson, on an occasion when Parkinson revisited the defendant, about ten days after the written contract was signed by defendant. At this time the so-called "addenda" had not been signed by the parties. In fact the physical whereabouts of the lease, and who had it or how it was exchanged, between the time when it was first signed and the time when the addenda was signed, is left somewhat in doubt by the record. But the one important fact in this controversy, over which there can be no dispute, is that the supposed oral negotiations with Parkinson, which are at variance with the terms of the contract, took place probably prior to, but certainly not later than, the execution of the written addenda by the defendant. This cannot be doubted. It is admitted in six different instances in the defendant's testimony, while, of course, Parkinson denied that any such oral negotiations ever took place at any time. As stated above, the addenda itself was signed and initialed by the parties, and the defendant admits such execution, and it was as binding upon the parties as any other provision of the contract. It clearly appears from the defendant's testimony that he would not have required such addenda but for the fact of his oral agreement with Parkinson and the expense thereby likely to be visited upon him. However, no fraud of plaintiff or Parkinson is alleged or involved.

Section 9456, O. S. 1931 (15 Okla. St. Ann., sec. 137), provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Section 9502, O. S. 1931 (15 Okla. St. Ann., sec. 237), provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Construing the two sections together, the cases are in uniformity, and it seems to be the accepted law, that the executed oral agreement which will alter a written contract must be one which is made subsequent to the execution of the written contract, otherwise the sections would be in conflict. And, too, this is on the theory that the subsequent agreement creates a new or fresh meeting of the minds in so far as its terms extend. Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048; Hart v. Frost, 73 Okla. 148, 175 P. 257.

The oral negotiations had with the man Parkinson, as testified to by defendant, occurred before the execution of the written addenda by defendant, and thereby were inadmissible to change the terms of the original contract or to create a new one. By the defendant's own theory the original contract did not become completed until the addition of the written addenda, and it was the oral agreement had with Parkinson which caused the defendant to insist upon such addenda. Plainly, then, section 9456, supra, provides that the writing supersedes the oral negotiations or stipulations, for the addenda was as much a contract in writing as was the original, though it supplemented or added to it. There are many exceptions to the parol evidence rule, but this does not come within any of them. Though possibly the theory of the action approaches nearer to the fraud exception than any other (Miller v. Troy Laundry Machinery Co., 178 Okla. 313, 62 P. (2d) 975), the action was not predicated on fraud, and we may not treat it as being within that exception. It appears to us to be the identical situation which the statute was intended to meet.

The evidence by which it was sought to prove the alleged alteration of the written contract was therefore not only improperly admitted, but, even being admitted and taken as true, could not legally have the effect of altering the contract, and as a matter of law said contract has not been altered. Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff in the amount admitted to be due by the defendant.

OSBORN, C. J., and RILEY, CORN, and HURST, JJ., concur.