AMERICAN ACADEMY OF ACCOUNTANCY v. JONES now JULIAN.

*96 P. 2d 73.*

No. 29190.   Nov. 21, 1939.

Tom Williams, of Oklahoma City, for plaintiff in error.

Edward Spiers, of Oklahoma City, for defendant in error.

DANNER, J.   This was an action on a contract and promissory note, by the payee thereof, against the maker. The defense was, first, that there was fraud in the inducement to execution of the contract and note; second, that there was a failure of consideration. The trial court, without a jury, held for the defendant, the basis of the holding being failure of consideration for the note and its accompanying contract. The plaintiff appeals.

It is urged that the court erred in admitting evidence tending to vary the terms of the contracts sued upon, said evidence tending to show that defendant was fraudulently induced to sign them. We think it unnesessary to rule on this contention, due to the fact that regardless of the merits thereof the record

shows by undisputed evidence that subsequently there was a rescission of the agreement, by mutual consent. The judgment being based upon said rescission, and the evidence of rescission being undisputed, the question of antecedent fraud loses significance.

The evidence shows the following state of facts: The plaintiff was in the business of conducting a correspondence school. It had a local agent and a division manager in charge of its business, in the city of defendant's residence. Plaintiff's division manager and another agent had been attempting to sell defendant a course in accounting. She was persuaded to take two books of the instruction series, from the office of the division manager, for the purpose of reading them at home for a few nights. Before she took the books from the plaintiff's office she signed the instruments in suit. She kept the books two nights and returned them to the office of plaintiff's division manager, told him that she was going to be married and would not have time to take the course, and he said to her that that was all right, that she had returned the books and was not under any further obligation. She left the books with him, and he agreed, on behalf of the company, to call the transaction at an end. Subsequently she received a package of books from the Chicago headquarters of the company, which she promptly returned. She then again went to the office of the division manager, and notified him of having received the package and having returned it, whereupon he stated that such was agreeable and that he would "straighten that up with the Chicago office."

There are minor facts and circumstances in connection with a side note which served as the down payment, which she later paid, at the hands of an innocent purchaser. We need not go into that phase of the matter.

The foregoing evidence being undisputed, and not inherently incredible, the judgment was correct. Section 9497, O. S. 1931, 15 Okla. St. Ann. § 232, provides that a contract is extinguished by its rescission, and section 9498, O. S. 1931, 15 Okla. St. Ann. § 233, provides that a party to a contract may rescind it "by consent of all of the other parties." Section 9502, O. S. 1931, 15 Okla. St. Ann. § 237, provides that a contract in writing may be altered by an executed oral agreement, and under that section we held in Finola Mfg. Co. v. Paulsen, 50 Okla. 591, 151 P. 195, that where a written contract is annulled by a subsequent executed parol agreement, neither party can claim benefits under it. In Mullen v. Thaxton, 24 Okla. 643, 104 P. 359, we held that a contract may be discharged by a new agreement altering the original agreement, or be rescinded altogether.

There is no reason why a written contract of this nature may not be extinguished by a subsequent oral agreement, if the terms of said oral agreement are executed. See the syllabus of the Finola Case, supra, which is squarely in point. Such appears to have been the situation in the instant case, according to the evidence. There is no contention that the division manager lacked authority to bind the plaintiff.

Strictly speaking, the result should not have been called a failure of consideration, but would more properly have been designated as an extinguishment or rescission by consent of both of the parties to the contract.

It follows that the judgment should be affirmed, and it is so ordered.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.