Johnson D. **HILL**, Plaintiff in Error,

v.

W. A. **ANDERSON**, Ruth Anderson, John E. Rooney, L. F. Rooney, Jr., R. F. Basore, Individually, and Marguerite R. Rooney, L. F. Rooney, Jr., and John E. Rooney, as Executors of the Last Will and Testament of L. F. Rooney, Deceased, and Tulsa Investment Corp., a corporation, Defendants in Error.

No. 39083.

Supreme Court of Oklahoma.

June 27, 1961.

850

Doerner, Stuart, Moreland, Campbell & Saunders, Harry D. Moreland, Charles L. Follansbee, Tulsa, for plaintiff in error.

Martin, Logan, Moyers, Martin & Hull, Tulsa, for defendants in error.

IRWIN, Justice.

Plaintiff in error, Johnson D. Hill (who was the plaintiff below) instituted this action to establish his ownership of certain shares of common stock in Tulsa Investment Corp., and to seek redress for the benefit of said corporation against its officers for their unauthorized and wrongful acts of management. The corporation and the individual defendants filed a joint answer and cross-petition which was followed by plaintiff's reply and answer to the cross-petition. After the issues became joined, a judgment on the pleadings was entered against the plaintiff upon the motion of defendants. Plaintiff complains of error in the judgment so rendered.

So far as pertinent to the issue before us, the petition alleges that plaintiff and defendant W. A. Anderson, entered into a joint venture to erect an office building in Tulsa, Oklahoma, to be occupied by an oil company under a long term lease; in pursuance of this object they negotiated a lease upon the site of the proposed structure, arranged for the financing of the construction and secured a lease agreement with the prospective tenant; on June 6, 1952, the two men organized the Tulsa Investment Corp., which, upon its formation, became the owner of all the contractual rights secured by, or vested in, Hill and Anderson while acting in furtherance of their joint venture; the sole purpose of the corporation so formed was to carry on the undertaking begun by the venturers; under an original oral understanding between plaintiff and Anderson, each of them was to receive an equal number of the corporate shares; this arrangement was changed when in September 1952, another man, L. F. Rooney, Sr. was allowed to acquire an interest in the corporation; plaintiff and Anderson then agreed that each of the three participants will receive one-third of the total stock; thereafter each of these men received 6 shares of stock; all stock was issued in consideration for the contractual rights belonging to the joint venture; plaintiff claimed title to 6 shares of common stock in Tulsa Investment Corp., and alleged that the defendant corporation refuses to recognize him as a stockholder; he sought to have his ownership of the stock "judicially confirmed."

Defendants' answer, so far as material, admits that plaintiff and Anderson did organize Tulsa Investment Corp., and that they were to own an equal number of shares which were to be acquired for cash (instead of for contractual rights of the venture); plaintiff is in possession of two certificates of stock, representing ownership of 6 shares in the corporation; these certificates are void as "wholly without consideration"; they were issued and delivered to plaintiff in violation of Section 39, Article 9, of Oklahoma Constitution and the applicable statute, 18 O.S.1951 § 1.76, subd. c; the "purported consideration" for plaintiff's stock consists of two promissory notes executed by him to the corporation. The cross-petition alleges in its pertinent part that on June 4, 1952, an agent of plaintiff, together with W. A. Anderson and his wife Ruth Anderson subscribed in writing for stock in Tulsa Investment Corp.; by the terms of this subscription plaintiff agreed to purchase stock at par (each of $100 par value) and to pay therefor in cash (a copy of the subscription agreement was attached); on June 7, 1952, a resolution to call for payment of subscription was adopted by the directors and in September and October of 1953 or in 1954, plaintiff executed his two promissory notes as "purported consideration" to the corporation for the stock issued to him (copies of the notes in the total amount of $600 were attached to defendants' pleading); on July 25, 1957, a demand for payment of these notes was made on plaintiff who refused to comply; the corporation has accepted plaintiff's breach of his agreement to pay for the stock and terminated the same. Defendants sought a judgment cancelling plaintiff's stock as void for want of consideration.

The salient allegations of plaintiff's reply and answer to defendants' cross-petition are: (a) plaintiff's interest in the assets of the joint venture as well as his labor and services performed in connection with the acquisition of these property rights constituted the sole consideration for the six shares of corporate stock which were issued to him; (b) the assets of the venture so transferred to the corporate defendant were valued at $600,000, and were hence considerably in excess of the par value of the stock issued to plaintiff; (c) plaintiff admitted that his agent signed the subscription agreement and that he (plaintiff) executed the two notes to the corporation for the total amount of $600; plaintiff denied that these notes constituted consideration for the stock issued to him; (d) the consideration for plaintiff's stock had passed to the corporation *before the notes were*

*delivered* and was in form of plaintiff's interest in the assets of the joint venture; (e) the notes were intended to merely serve as an "accommodation" paper to the corporation, to be used in pursuance of its business; (f) some time *after plaintiff's stock was issued* to him defendant Anderson induced plaintiff to execute the notes on his representation that they would not be used except as "accommodation" paper; (g) these representations were fraudulent and were made to deceive him and deprive him of his stock by making it appear on the records of the corporate defendant as though such notes were received by it as consideration for the issuance of the shares of its capital stock.

Based upon the outlined pleadings, the trial court adjudged as a matter of law that plaintiff "is not the owner of any shares of stock" in the Tulsa Investment Corp., and that the certificates of stock issued to him by said corporation "are void and are hereby cancelled". At issue is the correctness of this determination. The sole and decisive question for our consideration is whether under the record in the cause at bar the allegations of the pleadings together with all inferences which may be fairly deduced therefrom, when viewed in the light most favorable to plaintiff, state facts sufficient to support a legal claim to the six shares of stock in the defendant corporation.

■■■ A motion for judgment on the pleadings is in the nature of a demurrer. It tests the sufficiency of the pleadings and presents a question of law as to whether the facts as alleged are sufficient to state a cause of action or a defense. Hill v. Black Gold Petroleum Co., 183 Okl. 468, 83 P.2d 164. Such motions are not favored by the courts, and pleadings asserted to state no cause of action or defense are to be construed liberally in favor of the pleader. Hendrix v. Redfern, 204 Okl. 613, 232 P.2d 926. Every legal intendment is indulged in support of the challenged pleading. If such pleading may be construed to state a cause of action, a motion for judg-

ment on the pleadings cannot be sustained merely because some allegations appear indefinite or express pure legal conclusions. First National Bank v. Humphreys, 66 Okl. 186, 168 P. 410. A motion for judgment on the pleadings is not directed at the form of the pleadings, but goes to their substance. It does not assail indefiniteness, uncertainty or clerical errors, and can raise only such questions as may be presented on a general demurrer. Issues of fact cannot be resolved on such a motion. A judgment on the pleadings is not rendered because of an absence of proof, but because of a lack of issues of fact. Only when the pleadings present no material issues of fact, the question of which party is entitled to a judgment becomes one of law. Mires v. Hogan, 79 Okl. 233, 192 P. 811; Johnson v. Eagle, Okl., 355 P.2d 868.

■■■ In the present cause defendants admitted by their motion for a judgment that plaintiff, as owner of an interest in the joint venture, transferred to the corporate defendant his property rights therein. They also admitted that the corporation "actually received" such valuable assets which inured to its benefit. If it is true, as plaintiff alleges, that the fair value of his interest in the venture far exceeded the par value of the six shares delivered to him, it follows that the stock in his possession was not issued for the consideration of "less than par value" within the inhibition of Section 39, Article 9 of the Oklahoma Constitution. Compare: Evans v. Ideal Brick and Brikcrete Mfg. Co., Okl., 287 P.2d 454. The Constitution does not proscribe and the statute, 18 O.S.1951 § 1.80, subd. a, specifically authorizes the issuance of par value shares for a consideration in excess of their par value.

■■■ It may be inferred from plaintiff's allegations that the subscription contract which obligated him to pay for the stock in cash was rescinded or modified by a subsequent oral agreement of the parties, pursuant to which the certificates of stock were issued and delivered to the plaintiff for the sole consideration of his interest

in the assets of the joint venture. The Statute, 15 O.S.1951 § 237, provides that a contract in writing may be altered by an executed oral agreement, and parol evidence may be admitted to so show. American Academy of Accountancy v. Jones, 186 Okl. 83, 96 P.2d 73; Finola Mfg. Co. v. Paulsen, 50 Okl. 591, 151 P. 195; Mullen v. Thaxton, 24 Okl. 643, 104 P. 359; see also, Whitney v. Whitney, 194 Okl. 361, 151 P.2d 583. If after stock was issued to the plaintiff for his interest in the joint venture, he was induced to sign the notes as outlined, the instruments so executed were without consideration which had already passed to the corporation. The effect of these notes may thus be avoided on the ground of both fraud in its procurement and want of consideration. Parol evidence would be admissible to vitiate such obligation. See, Strickland v. Hetherington, Okl., 353 P.2d 138; Harvey v. Thomas, 150 Okl. 106, 300 P. 772.

 In any event, the allegations of the pleadings present controverted issues of fact which may not be resolved without introduction of proof. It is error to render judgment on the pleadings if there is raised an issue of fact upon which a valid judgment might be rendered. Johnson v. Eagle, supra.

Defendants place principal reliance upon our decision in Gaines v. Gaines Bros. Co. et al., 176 Okl. 583, 56 P.2d 863. We find this case distinguishable from the present. The pleadings in that case did not disclose an executed oral agreement (See page 867 in 56 P.2d) which altered or modified a prior written contract. Defendants also complain that plaintiff's reply is tainted by a fatal "departure", but overlook the rule that a departure must be reached by a motion to strike and may not be raised by a motion for judgment on the pleadings. St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm, 23 Okl. 79, 99 P. 647.

We find it unnecessary to consider other propositions raised by the briefs, since the judgment appealed from rests solely on the determination that plaintiff's stock was void for failure to pay its par value. This, we reiterate, presented an issue of fact and there was error in entering judgment on the pleadings.

The cause is reversed and remanded for further action not inconsistent with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.