**C & L SERVICE COMPANY, a corporation, Appellant,**

**v.**

**NORTHERN EQUIPMENT COMPANY, a corporation, Appellee.**

**No. 46554.**

Court of Appeals of Oklahoma, Division 2.

June 25, 1974.

Released for Publication by order of the Court of Appeals July 18, 1974.

Richard S. Karam, Karam & Peterson, Enid, for appellant.

Douglas McKeever, McKeever, Glasser, McKeever & Conrad, Enid, for appellee.

BRIGHTMIRE, Presiding Judge.

Plaintiff commenced this action to obtain an accounting by defendant for money or benefit it received from the use and sale of plaintiff's equipment it repossessed and for a judgment of any amount exceeding a note secured by a lien agreement on the equipment, along with both actual and punitive damages for defendant's "malicious intent . . . to damage plaintiff and its business."

About a month after overruling defendant's motion to strike and demurrer directed toward plaintiff's "Second Amended Petition" on February 14, 1973, and noting a verified "Answer" on file denying all of plaintiff's allegations, followed by a "Reply," the court sustained defendant's "Motion for Summary Judgment" for this one reason: ". . . the Court . . . finds from the verified pleadings properly before the Court that there are no genuine issues as to material facts . . . and no cause of action existing in favor of the plaintiff . . . ." Moreover the trial judge awarded the "attorney for defendant . . . attorney fees in the sum of $1,000.00." Plaintiff appeals from this judgment and an order refusing to vacate it.

In actual effect what the court did was treat the motion for summary judgment as one for judgment on the pleadings. Accordingly District Court Rule No. 13 has little if anything to do with the disposition of this appeal—only the established principles decisionally built around the court's authority to grant one party judgment on the basis of the pleadings.

In the first place such judgments are not court favorites so that pleadings are liberally construed to avoid them. Panhandle Cooperative Royalty Co. v. Cunningham, Okl., 495 P.2d 108 (1971). And a judgment on the pleadings can be rendered only where no cause of action or defense is stated and the pleading is not susceptible of being amended to state one. Hull v. Wolfe, Okl., 393 P.2d 491 (1964). Being in the nature of a demurrer the court in passing on the motion must restrict its concern to substance and ignore form deficiencies such as indefiniteness and uncertainties—Hill v. Anderson, Okl., 363 P.2d 849 (1961)—and the court must consider all allegations pleaded by party as true together with all fair inferences deducible therefrom while treating movant's contradictory allegations otherwise. Roxoline Petroleum Co. v. Craig, 150 Okl. 148, 300 P. 620 (1931).

So the fundamental inquiry upon which this appeal will turn is whether or not plaintiff has pleaded a cause of action. Plaintiff says it has. Defendant, by implication at least, takes a contrary position resting on the proposition that plaintiff "was not a party to the security agreements . . . had no liability thereunder . . . ." and therefore "could not bring" this action.

Underlying defendant's argument are these facts pleaded by plaintiff. Between February 1966 and May 1969 there was purchased from defendant four new pieces of heavy construction equipment—three

John Deere self-loading scrapers and one grader—for a price totalling $114,451.50. The purchase was made on a time payment arrangement the terms of which were set out in three separate instruments—one executed at the time of each purchase—a copy of each being attached to plaintiff's petition and entitled "Conditional Sales Contract, Financing Statement and Security Agreement."

Certain details of these instruments are vital to an understanding of the dispute. The first one is dated October 26, 1966, and describes the "seller—secured party's name" as "Northern Equipment Company" and the "buyer—debtor's name" as "Leroy Street d/b/a C & L Service Company." At the bottom it is signed as follows:

```
"Northern Equipment
 Company Leroy Street d/b/a
 s/ Hugh Wein C & L Service Company
 Hugh Wein, General s/ Leroy Street
 Manager Leroy Street, Owner
 Seller Buyer(s)"
```

The other two contracts, dated February 26, 1968, and May 23, 1969, contain identical identities and signatures except the latter which for buyer reads only:

"Leroy Street
s/ Leroy Street
Buyer(s)"

Plaintiff further pleaded that these three agreements collaterally secured a $40,147.-50 note it executed in favor of defendant June 1, 1970. On August 24, 1970, "plaintiff was indebted to the defendant" for more than $36,000 on the note, so defendant "pursuant to" the three security contracts "repossessed all of said equipment . . . used [it] themselves [sic], leased [it] to customers of the defendant and after such substantial use of the equipment which reduced [its] value, disposed of it by sale, and . . . has never accounted to the plaintiff for the proceeds of the use, lease and sale" thereof. And, continued the allegations, "plaintiff has made demand upon defendant for [such] an accounting . . . but the defendant" will not do so. The corporate plaintiff asks the court to make defendant account to it, award it a judgment for the value of the benefits received by defendant in excess of the amount due on the note, and damages for maliciously destroying plaintiff's business.

Besides a general denial defendant in its answer alleged "that at no time has it ever entered into any contracts or financing statements with the plaintiff involving the personal property which is the subject of this action." Defendant's president swore the allegation was true.

Plaintiff filed a reply, signed and sworn to by Leroy Street, "President of C & L Service Company," stating that "all transactions set forth in the . . . Petition and related exhibits were on behalf of the plaintiff by its authorized agent and officer who was Leroy Street acting on behalf of the plaintiff as both a known principal, and in those events in which a true identity of the plaintiff was not ascertained, as an undisclosed principal."

We think plaintiff's pleadings state a cause of action.

 In a secured transaction the creditor must account for any surplus realized from the use or sale of the collateral in excess of the debt secured. 12A O.S.1971 § 9–504. The surplus belongs to the owner of the collateral. 12A O.S.1971 § 9–112.

Do the pleadings here sufficiently allege plaintiff's entitlement to any surplus which might exist?

 A look at plaintiff's second amended petition in light cast by these statutory principles carries us to the conclusion that it alleges facts sufficient to entitle it to an accounting and judgment for any requested surplus and therefore the summary judgment on the pleadings should not have been rendered.

Though not paragonian the pleading does by inference, at least, state the equipment belongs to plaintiff. In fact under what is called "Second Cause of Action" the pleader actually refers to "repossession of equipment of the plaintiff." And defendant's answer, aside from being a gen-

eral denial, merely says "that at no time has it ever entered into any contracts or financing statements with the plaintiff involving the personal property which is the subject of this action." The allegation even if true is beside the point because such would not be necessary under the law to hold it accountable to the collateral owner for the surplus. Defendant with consistence could have contracted with Leroy Street to create the debt and obtained a lien on property owned by plaintiff.

Defendant's heavy reliance upon the fact that the contracts (undoubtedly prepared by defendant) name the buyer as Leroy Street d/b/a C & L Service Company is therefore without legal substance because even if Leroy Street bought the equipment it does not follow that plaintiff may not or cannot now be the owner.

Where defendant has gotten off the legal track is by basing its argument on negotiable instruments law as though the action here is on the note itself. Of course it is not. In fact we have no idea what the June 1, 1970, note looks like since neither it nor a facsimile of it appears in the record. Moreover plaintiff alleges it owed defendant on the note and this we must accept as truth.

Thus it is no legal concern to defendant who owns the collateral. Its only interest is that such ownership be now proved so as to protect itself from any potential double recovery. Here the risk of double liability is apparently reduced to nearly none in that Leroy Street entered his appearance in the case by swearing in a reply that he is president of plaintiff and that with regard to each transaction mentioned in the second amended petition he was acting on behalf of plaintiff as its authorized agent —a status disclosed at times and sometimes not.

Therefore the summary judgment entered below is reversed and the cause remanded for further proceedings.

BACON and NEPTUNE, JJ., concur.