## STATE *ex rel.* GOLDSBOROUGH v. HUSTON, *Judge.*

### No. 2316.  Opinion Filed May 19, 1911.

**APPEAL AND ERROR—Matters Left Open by Mandate—New Proceeding in Error.** The district court may hear and determine any matters left open by the mandate of this court, and judgment rendered and entered thereon can be reviewed in this court by a new proceeding in error only.

(Syllabus by the Court.)

*Original Proceeding in Mandamus.*

Action by the State, on the relation of W. H. Goldsborough, against A. H. Huston, Judge of the District Court, Kingfisher County. Dismissed.

*F. W. Jacobs,* for plaintiff.

*Pat Nagle, C. G. Hornor,* and *Devereux & Hildreth,* for defendant.

TURNER, C. J. In *Goldsborough et al. v. Hewitt,* 23 Okla. 66, 99 Pac. 907, this court held the deed from Wm. H. Goldsborough to Robert Hewitt, dated February 18, 1897, to the home-

stead in controversy without consideration and void; that Louise Caldwell, the divorced wife of Goldsborough, had no interest therein; and reversed and remanded the cause. On the coming down of the mandate the trial court spread the same of record, but refused to proceed further, it appearing that, pending said cause in this court and between the date of its submission and decision, to wit, on August 13, 1908, the defendant Robert Hewitt had died. Said fact appearing to this court, and that plaintiff in error did not desire a revivor against the administrator and heirs of said Hewitt, and had withdrawn in this court all claim for use and occupation of the premises recovered and desired only to be possessed of his homestead, it was ordered that said judgment be and the same was set aside, said opinion and mandate recalled, with directions to the clerk to refile said opinion and enter the judgment in said cause *nunc pro tunc* as of the date when said cause was submitted. It was further ordered that before filing said opinion the same be and it was corrected in so far that the cause was remanded, not for new trial, but with directions to the trial court to set aside the deed complained of, put plaintiff in possession of his homestead by proper process, and quiet his title thereto as prayed. On the coming down of the mandate to this effect the same was spread of record in the trial court and judgment entered accordingly, save and except that no process issued or was directed to issue to put plaintiff in possession. This is an original proceeding in mandamus to require respondent, as judge of said court, so to do in obedience to said mandate.

Showing cause, as ordered by the alternative writ, respondent pleaded, in effect, that at the time of entering said judgment on the mandate the heirs of said Hewitt (naming them) filed in his court, with notice to said Goldsborough, in effect, a petition in intervention, pursuant to article 24 of the Code of Civil Procedure of the state of Oklahoma, commonly known as the Occupying Claimant's Act, setting up that their father, said Hewitt, had been in quiet possession of said land for 15 years up to the time of his death, since which time, about two years, they had remained

in quiet possession thereof; that said Hewitt was holding said land under the deed set aside and had made lasting and permanent improvements thereon consisting of buildings, fences and the clearing of 60 acres of timber land thereof; and prayed that an entry be made upon the journal and a date set for the trial of their rights as occupying claimants under said act. That, after hearing said petition, the application for relief under said act was denied and judgment rendered accordingly, and as stated; that petitioner thereupon prayed an appeal to this court, where their proceeding in error is now pending, in which said Goldsborough is defendant in error, to review said judgment, with supersedeas bond filed in his court fixed at $400; that he is informed and believes that said appeal is in good faith and not for the purpose of delay, and that the judgment appealed from was rendered and entered prior to the application for the alternative writ in this cause; that in his opinion said heirs have a right under said act to petition as they did and appeal from his judgment denying their petition and invoke the opinion and decision of this court thereon—and asks to be discharged, etc.

On the coming down of the mandate, obedience to which is sought to be enforced by our peremptory writ of mandamus, while it commanded the trial court to put plaintiff in possession, for the reason that it did not contemplate the rights of these intervenors as occupying claimants of said land, that question was left open by the mandate. It is well settled that the trial court may decide any matters left open, and its decision thereon is subject to be reviewed by a new proceeding in error. 13 Ency. Pl. & Pr., p. 593, note 1. *Francis E. Hinkley v. Levi P. Morton et al.,* 103 U. S. 764; *Magwire v. Taylor et al.,* 17 Wallace, 253; *Mason et al. v. The Peuabic Co. et al.,* 153 U. S. 361. In the case last cited the Supreme Court sent its mandate to the circuit court and ordered that one of the parties recover cost. On the coming down of the mandate the circuit court considered an application for an extra allowance of costs out of the funds in court to the counsel of such party. The petition was denied and judgment

rendered acordingly. On appeal the Supreme Court held that the remedy of the appellant lay in an appeal to the Circuit Court of Appeals for the Sixth Circuit. Nothing more being sought by the heirs of Hewitt in their proceeding in error, which is cause number 2223, *J. A. Hewitt et al. v. W. H. Goldsborough et al.*, now pending in this court, the peremptory writ of mandamus prayed for in this cause will not issue.

All the Justices concur.