### PENNINGTON GROCERY CO. v. ORTWEIN.

No. 17317.   Opinion Filed March 27, 1928.

(Syllabus.)

1. **Replevin—Parties Defendant—Replevin Against Officer Taking Property under Execution—Judgment Creditor as Substituted Party Defendant.**

Under section 228, C. O. S. 1921, in an action against a sheriff or other officer for recovery of property taken under execution and replevied by the plaintiff in such action, the court may, upon application of the defendant and the party in whose favor the execution issued, permit the latter to be substituted as the defendant, security for the cost being given. Held, where such substitution is made by the court, the sheriff or other officer who was made defendant in the replevin action is no longer a necessary party to said action.

2. **Same—Revivor of Action upon Death of Defendant Officer Unnecessary.**

In a replevin action against a sheriff or other officer for property taken under execution, where the party in whose favor the execution was issued was substituted as defendant, and thereafter the sheriff or other officer dies, it is unnecessary to revive said action as to said deceased officer.

3. **Justices of the Peace—Appeal—Correction of Record.**

On timely application to the county court a party to the action should be permitted to have the record from the justice court corrected by such justice of the peace, so as to show that a judgment creditor had been substituted for the defendant officer in the court below.

Error from County Court, Garvin County; J. C. Cofield, Judge.

Action by J. C. Ortwein, Jr., against the Pennington Grocery Company. Appeal of defendant from adverse judgment in justice court dismissed in county court, and defendant brings error. Reversed.

O. W. Patchell, for plaintiff in error.

Bowling & Farmer, for defendant in error.

CLARK, J. This action was commenced before E. W. Turner, a justice of the peace of Garvin county, Okla., by J. C. Ortwein, and was an action in replevin wherein J. C. Ortwein sought possession of an automobile in possession of W. A. Cathey, constable. Said constable was holding the automobile by virtue of an execution issued out of justice court in favor of the Pennington Grocery Company, against J. C. Ortwein.

The Pennington Grocery Company appeared at the trial before E. W. Turner, justice of the peace, and asked to be substituted as party defendant, in lieu of W. A. Cathey, constable, which was by the justice of the peace allowed, but no record was made of said order of the justice court. Upon trial judgment was rendered for plaintiff, the defendant in error, J. C. Ortwein.

Within due time the Pennington Grocery Company perfected its appeal to the county court of Garvin county. Later the Pennington Grocery Company applied to the county court of Garvin county for an order directing the clerk to send said transcript back to the justice court to be corrected to speak the truth in regard to the substitution of the Pennington Grocery Company as defendant in the replevin action. This order was made, and the justice's transcript corrected to show the substitution of the Pennington Grocery Company as defendant in justice court.

Before said cause came on for trial in the county court, the constable, W. A. Cathey, died. After a year had elapsed, the plaintiff, J. C. Ortwein, filed his motion in the county court asking that said cause be dismissed for the reason same had not been revived in the name of W. A. Cathey, constable. The county court dismissed said appeal for this reason, and the defendant, plaintiff in error, Pennington Grocery Company, brings the cause here for review, the assignment of error being that the county court erred in dismissing the appeal.

The order of the court dismissing the appeal finds that W. A. Cathey had been dead more than a year at the time application was filed with the county court to correct the records of the justice court, and further finds no revival had been had as to W. A. Cathey, deceased. It is immaterial how long W. A. Cathey had been dead at the time the application to correct the record was made, if in truth and in fact the Pennington Grocery Company was substituted as party defendant in the justice court. The appeal bond given at the time the appeal was lodged was given by W. A. Cathey and the Pennington Grocery Company as principals. It was approved by the justice of the peace, and supports the amended transcripts of the justice court that the Pennington Grocery Company was in fact substituted as defendant.

Section 228, C. O. S. 1921, provides:

"In an action against a sheriff or other officer for the recovery of property taken under an execution and replevied by the plaintiff in such action, the court may, upon application of the defendant and of the party in whose favor the execution issued, permit the latter to be substituted as the defendant, security for the cost being given."

Under this section of the statute it was within the discretion of the court to substitute the Pennington Grocery Company for the defendant, W. A. Cathey, who was merely acting as constable.

The Territorial Supreme Court, in Moore v. Calvert, reported in 8 Okla. 358, 58 Pac. 627, had this section of the statute before it for construction, and in the first paragraph of the syllabus said:

"Where a replevin is brought against a sheriff to recover chattels held by such officer under writ of attachment, it is not error to permit the attachment plaintiff to be substituted as defendant and to dismiss said cause as to such sheriff."

We are therefore of the opinion that when the justice court permitted the Pennington Grocery Company to be substituted as party defendant, the constable was thereby no longer a necessary party. The Pennington Grocery Company thereafter was the real party at interest. The county court did not err in permitting or directing the transcript to be returned to the justice of the peace for correction.

This court, in the case of Western Union Telegraph Co. v. Hollis, 28 Okla. 613, 115 Pac. 774, in the third paragraph of the syllabus said:

"On timely application to the county court, a party to the action should be permitted to have the record from the justice's court corrected by such justice of the peace so as to show that an answer was filed therein by the defendant, if, in fact, it was."

At page 616 of said opinion this court said:

"If, after the cause is remanded, timely application is made to the county court for permission to have the justice of the peace to so correct the record, such order should be granted, and, if the record is so corrected upon another trial, the defendant would not then be entitled to introduce this new issue in the county court."

So it was clearly proper and right for the county court, upon application of the defendant, to have the justice of the peace correct the record in the case at bar. Since the Pennington Grocery Company was substituted as party defendant, W. A. Cathey was neither a necessary nor proper party defendant in this action, and a failure to revive said cause in the name of W. A. Cathey could in no way affect the rights of the parties to this suit.

For this reason, the county court erred in dismissing the appeal of plaintiff in error. Cause is therefore reversed, with directions to the county court to reinstate the appeal of plaintiff in error.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, and LESTER, JJ., concur.

Note.—See under (1) 34 Cyc. 1427. (3) 35 C. J. p. 800, §502.