## MEANS v. TERRELL.

No. 21002.    Opinion Filed June 28, 1932.

E. D. Means, for plaintiff in error.

Fred H. Fannin and E. O. Clark, for defendant in error.

KORNEGAY, J.  The facts out of which the controversy arose are that a Choctaw Indian woman, enrolled as a full-blood, and having only full-blood heirs, died intestate in Haskell county, Okla., on March 21, 1923, having allotted lands, part in section 20, township 10 north, range 22 east, and part in section 1, township 9 north, range 21 east. One of the heirs, Cephus W. Scott, here made a defendant in error, mortgaged his interest in the land in section 20 to plaintiff in error for $400, which mortgage was approved by the county court April 7, 1923. This mortgage was not placed of record in Haskell county. On May 29th, the same heir executed to defendant in error a first mortgage for $693.71 on the land in section 1, and a mortgage on the land in section 20, the mortgage being approved by the county court and being second on the lands in section 20, it being recited therein that plaintiff in error had a first mortgage for $400. This mortgage was recorded, but the county clerk failed to index it so as to show it a lien on the land in section 20.

On July 9, 1923, the land mortgaged in section 20 by the heir to defendant in error was conveyed for a recited consideration of $1,200 to plaintiff in error, and the deed placed of record without personal knowledge on the part of plaintiff in error of the existence of the mortgage of defendant in error, R. F. Terrell. In consideration of $250, $215.52 being credited on the mortgage debt, and balance being another debt, and $10 paid and expenses of procuring approval of conveyance, the land in section 1 was, on July 22, 1924, conveyed by the heir to defendant in error, R. F. Terrell, the conveyance being duly approved by the county court, and recorded. The defendant in error in February, 1924, sought to foreclose his mortgage on the land in section 20, and made his debtor, Cephus W. Scott, and E. D. Means, who had held the $400 mortgage and had bought the land, parties defendant.

The facts were agreed on. The judge held that the heir could sell but not mortgage, also that the recording was not good because of failure to index, and denied relief to the second mortgagee, Terrell. On appeal the case was reversed, it being held that the power to sell carried with it power to mortgage, and that the recording was notice. Terrell v. Scott et al., 129 Okla. 78, 262 P. 1071. Certiorari to the Supreme Court of the United States was sought and refused. Mandate went down and judgment was rendered in accordance therewith, giving plaintiff in error the benefit of foreclosure as a first

mortgagee on the land in section 20, and defendant in error the same as a second mortgagee thereon for the balance due him, on his mortgage, at the time the suit was started.

Complaint is made because the court did not order the land in section 1, on which plaintiff in error had no claim, to be sold to satisfy the mortgage of defendant in error, exhausting it before resorting to the land in section 20. This is quite antagonistic to the position taken on the first trial, where the contention was that both mortgages were void.

We have examined the authorities cited, but are convinced that the plaintiff in error was not entitled to such a decree on the facts disclosed by the record. Figuring priorities with reference to the land in section 20, and laying aside former contentions, the order of adjustment would be that plaintiff in error has the first claim represented by his mortgage on the land, defendant in error has a claim for the original amount of his mortgage, diminished by the credit allowed as the purchase price of the land he bought in section 1, and the equity of redemption in the land in section 20 exists in plaintiff in error. Such in effect was the decree appealed from. The statute, section 7418, O. O. S. 1921, is not broad enough to make it otherwise on the facts here admitted, neither is the rule of equitable adjustment.

Cephus W. Scott is named in the petition in error as a party defendant, and suggestion of his death was made November 20, 1931, pending the proceeding here, but it appears that he was not a necessary party for the determination of the matter involved, as he had sold and conveyed the property, and no order of revivor is required.

We find no error in the decree, and it is affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.