## STEPHENS, Trustee, v. MAXEY et al.

### No. 28145.    May 24, 1938.

### Rehearing Denied June 14, 1938.

Fred L. Hoyt and Frederick J. Hoyt, for plaintiff in error.

Tom D. McKeown and J. W. Bolen, for defendants in error.

BAYLESS, V. C. J.    This is an appeal from the district court of Pontotoc county, and complaint is made of the refusal of that court to confirm a sheriff's sale.

J. C. Maxey and Mattie Maxey, his wife, and Perrie Maxey mortgaged certain real estate, and Roger L. Stephens, trustee thereunder, is plaintiff in the action. Thereafter the husband and wife conveyed their interest in said real estate to Perrie Maxey. Foreclosure was begun on said mortgage and judgment duly entered establishing the debt and the lien upon the real estate. Thereafter J. C. Maxey died, and within a few days an order of sale was issued, and in due time the real estate was sold. Mo-

tion to confirm the sale was filed. Mattie Maxey, the surviving wife, and Perrie Maxey then filed a motion to set aside the sale and to quash the order of sale. The basis for this is the allegation that the judgment for the debt is joint, that J. C. Maxey died after its rendition, that more than one year has elapsed since the death of the said Maxey and said judgment had not been revived as required by law.

The court heard these motions simultaneously, and at the conclusion of the hearing made the following finding:

"The court further finds that the motion to confirm the sheriff's sale should be denied and the court finds that the motion of the defendants to set aside the sale and quash the special execution should be sustained."

The principal assignment of error is, the court erred in refusing to confirm the sheriff's sale and in setting aside and quashing the execution.

It is first argued that on a motion to confirm a sheriff's sale the issues are limited to those touching upon regularity and validity of the acts of the sheriff in executing the order of sale; and, that nothing else can be considered. This is the rule. Oklahoma Farm Mtg. Co. v. Hatcher, 106 Okla. 262, 234 P. 203, and many other cases. But such rule has no true application to the hearing held in this case. The court was likewise considering attacks upon the existence of the judgment and the right to issue an execution. These issues were raised in separate pleading. That this was the view taken by the court is evidenced by its finding:

"The court finds that the said sheriff's sale was in all respects regular and proper and the court is satisfied with the regularity of said sale except for the fact that the said defendant, J. C. Maxey, died on October 7, 1932, and that the said judgment was not revived against the heirs of the said J. C. Maxey within one year after the date of his death, and that by reason thereof the said judgment had become dormant and ceased to exist as a valid judgment at the time the execution was issued."

In other words, no right existed to issue the execution or order of sale, although all steps taken in pursuance of its commands are regular and proper.

In this view of the case, the trial court erred. We think the true rule is that when a party to an action dies after judgment has been rendered, it is unnecessary to revive the action as against his heirs or rep-

resentatives if the decedent at the time of his death was no longer a necessary party to the action. 1 C. J. S. 213, et seq., sec. 161 and cases cited, including Pennington Gro. Co. v. Ortwein, 130 Okla. 130, 265 P. 765, and Means v. Terrell, 158 Okla. 146, 12 P.2d 699. A party who has voluntarily parted with his title to the property involved in an action is not a necessary party to the action. In so far as this particular property was concerned, J. C. Maxey had no title to it at the time of his death, and he and his heirs could not be affected by a sale of it. It was only when an effort was made to enforce the judgment against the property of J. C. Maxey that his heirs could object.

It is urged that this is a joint judgment and its dormancy as to one jointly liable renders it dormant as to his joint debtors. In some of the pleadings and in the judgment, there is an absence of language to indicate whether the debt and judgment are joint or several. Sections 9483, 9484, O. S. 1931, established the presumption that the obligation is joint and several. No showing to the contrary is made.

The judgment is reversed and the cause is remanded, with directions to confirm the said sheriff's sale.

Reversed and remanded, with directions.

WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and RILEY and DAVISON, JJ., absent.