## PENNINGTON GROCERY CO. v. ORT-WEIN et al.

No. 28214.    Oct. 18, 1938.

Rehearing Denied Jan. 17, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 28, 1939.

O. W. Patchell, for plaintiff in error.

R. E. Bowling, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Garvin county which held void a judgment of the county court of said county and denied a recovery on a replevin bond. The parties occupy the same positions here as they did in the trial court and will be referred to as plaintiff and defendant except where a more explicit designation is necessary.

This action was commenced by the plaintiff in the district court of Garvin county on the 21st day of February, 1936, against the defendant E. C. Pyle to recover on a bond given in a replevin action wherein J. C. Ortwein, Jr., was plaintiff and the Pennington Grocery Company was the substituted defendant. The facts as shown by the record and necessary to an understanding of the questions presented on this appeal will be briefly stated. On May 20, 1922, the plaintiff secured a judgment in the justice court of R. N. Coffee against J. C. Ortwein, which judgment became final. Thereafter, on March 27, 1923, one W. A. Caffey, a constable in said county, seized, on execution issued on the aforesaid judgment, a certain automobile as the property of the said J. C. Ortwein. On March 28 1923, J. C. Ortwein, Jr., claiming to be the owner of said automobile, instituted an action in replevin in the justice court of one E. W. Turner for the possession of

said property and gave the required bond in replevin with the defendant E. C. Pyle as surety thereon. The Pennington Grocery Company was substituted as party defendant in the replevin action in the justice court and from an adverse judgment in said court appealed said cause to the county court of Garvin county, and when its appeal was dismissed by that court brought the cause here. This court reversed the cause and directed that the appeal be reinstated in the county court. See Pennington Grocery Co. v. Ortwein, 130 Okla. 130, 265 P. 765. Thereafter, on November 25, 1935, the county court rendered a judgment in favor of the Pennington Grocery Company for the possession of the automobile or its value in the sum of $185, with interest thereon at the rate of 6 per cent. per annum from the 28th day of March, 1923, in the event that a return of said property could not be had. In the meantime, on March 12, 1932, E. C. Pyle had filed in said action then pending in the county court a motion wherein he suggested the death of J. C. Ortwein and moved for a dismissal of the action on account of the fact that the judgment against him had not been revived within the statutory period. No action was taken by the court on this motion, and thereafter on April 4, 1932, said E. C. Pyle filed in said cause pending in the county court a motion to strike from the files the purported answer of Pennington Grocery Company and renewed his motion to dismiss the action on account of the death of J. C. Ortwein. The county court apparently took no notice of either of the above motions and on November 25, 1935, the court proceeded to render a judgment between the parties properly before it. Execution on this judgment was returned unsatisfied and this suit was instituted on the bond. The defendant, after this action was instituted in the district court, applied to the county court of Garvin county for the vacation of the judgment which it had rendered on November 25, 1935, and this application was heard and denied by said court on January 19, 1937, and no appeal was taken therefrom.

At the trial of the cause, evidence was introduced to establish the fact that J. C. Ortwein, the judgment debtor in the court of R. N. Coffee, justice of the peace, had departed this life on December 23, 1922, and that J. C. Ortwein, Jr., the plaintiff in the replevin action instituted in the court of E. W. Turner, justice of the peace, had not died but was then living. The

judgment in the replevin action in favor of the plaintiff as well as the replevin bond given in said action with the defendant as surety thereon were likewise offered and received in evidence. In denying the plaintiff a recovery the trial court made the following findings of fact:

"The Court: Request has been made that the court make separate findings of fact and conclusions of law, which is accordingly done.

" 'Now I am going to find on two questions that I think are material. The question of the validity of the judgment rendered in the justice peace court of R. N. Coffee against J. C. Ortwein. I am of the opinion that that judgment was not void but merely voidable, might be voidable, and since not appealed from that the judgment would then be binding.

" 'On the other proposition the judgment rendered by Judge Williams in the county court on November 25, 1935, I think is void on its face for the reason that there was a motion pending at the time and if the matters and facts stated in the motion had been true then the court should not have rendered any judgment, and that the judgment rendered at the time was without the issues and void upon its face, and that will be the judgment of the court.

" 'I might further state that I think the county court had power and jurisdiction over the subject-matter and over the parties but I think that on the day that he rendered the judgment that the county court did not possess the power to render the judgment that he did render because the case was not at issue, the motion then pending which if true terminated the action.

" 'And the court further finds that no answer was on file ten days prior to the time said judgment was rendered, by the county court, although an answer was among the papers, but had not been actually filed by the court clerk, and that the defendant had no knowledge or notice that an answer had been filed at the time the judgment was rendered.

" 'The court therefore concludes as a matter of law that said judgment is void upon its face for the reasons above stated and this will be the judgment of the court.

" 'To which findings of fact and conclusions of law the plaintiff excepts'."

And thereupon denied the plaintiff any recovery and gave the defendant judgment for costs. Motion for new trial was heard and denied and the plaintiff has appealed the cause here.

Defendant E. C. Pyle was a stranger to

the replevin action and the court was not required to either recognize or pass upon the motions which he filed in said cause, and the power of the county court to render the judgment which it did on November 25, 1935, was not in any manner affected or limited thereby. As said in Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029:

"The power of the trial court to render judgment cannot be limited by a stranger to the action filing an application to be made a party.

"Rendition of a judgment between parties to a cause without expressly passing upon application of substitution of a stranger is deemed an implied exercise of the court's discretion in denial of such application."

In addition to the fact that no appeal had ever been taken from the judgment rendered by the county court on November 25, 1935, the defendant E. C. Pyle likewise failed to take an appeal from the order and judgment of said court which denied his motion to vacate the former judgment and which latter judgment was rendered on January 19, 1937. Under these circumstances the judgment became final and binding upon all the parties and the law of the case. Therefore the judgment was not void for want of jurisdiction of either the parties or the subject-matter of the action, and the attack made by the defendant thereon was a collateral one and should have been so treated. The status of the defendant was merely that of a surety on a replevin bond and the rule applicable in such a situation has been aptly stated by this court in the case of Dupree v. Jordan, 123 Okla. 91, 252 P. 67. as follows:

"In an action against the sureties on such replevin bond and for failure of the plaintiff to perform the alternative judgment in replevin, such sureties cannot attack the replevin judgment, except for want of jurisdiction of the parties or the subject matter of the action, and it matters not that such judgment may be erroneous; not having been appealed from, it is final and becomes the law of the case, and the parties are bound thereby."

In view of what has been said it is apparent that the trial court erred as a matter of law in rendering judgment in favor of the defendant. The cause is therefore reversed and remanded, with directions to enter judgment in favor of the plaintiff agreeable to the alternative judgment of the county court rendered November 25, 1935.

Reversed, with directions.

BAYLESS, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.