## PYLE v. PENNINGTON GROC. CO.

No. 29622.   April 2, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 847.*

R. E. Bowling, of Pauls Valley, for plaintiff in error.

O. W. Patchell, of Pauls Valley, for defendant in error.

PER CURIAM.   This is the second appeal in this cause.   See Pennington Grocery Co. v. Ortwein, 184 Okla. 501, 88 P. 2d 331. The proceeding grew out of an earlier case of Pennington Grocery Co. v. Ortwein, 130 Okla. 130, 265 P. 765, so it may be seen that in reality this is the third appeal filed in the Supreme Court involving the controversy, the first appeal having been determined in March, 1928.

In the last appeal the question involved was the right to recover against the sureties on a replevin bond. After the mandate reached the trial court, a motion was filed by the Pennington Grocery Company to spread the mandate of record, and the court thereupon caused said motion to be heard and ordered the mandate spread of record and judgment entered for the plaintiff in accordance with the opinion.

The defendant, E. C. Pyle, appeared and objected to the spreading of the mandate of record in a response filed in the trial court. Therein the said E. C. Pyle attempted to raise the jurisdiction of the county court, alleging in effect that the amount involved in the county court was in excess of the amount prescribed under the Constitution of the state of Oklahoma, and therefore any judgment rendered would be void, which question had already been determined by this court.

We are of the opinion, and hold, that the appeal should be dismissed for the reason that the mandate was spread of record in conformance with the opinion in Pennington Grocery Co. v. Ortwein, supra. The mandate is the formal advice and order of the Supreme Court. Schneider v. Decker, 144 Okla. 213, 291 P. 80. It is the duty of the trial court to enter judgment in accordance with the mandate of the Supreme Court and cause the mandate to be spread of record. Crews v. Bird, 141 Okla. 143, 285 P. 132; Schneider v. Decker, supra; Rose v. Oklahoma City, 182 Okla. 422, 78 P. 2d 315.

The decision on the first appeal becomes the "law of the case" in all subsequent stages. Amerada Pet. Co. v. Elliff, 171 Okla. 38, 41 P. 2d 850; Hunt v. Tribune Publishing Co., 172 Okla. 139, 44 P. 2d 889.

The mandate was issued and direction was given therein to spread the same upon the record of the trial court in accordance with the opinion written by this court in Pennington Grocery Company

v. Ortwein, 184 Okla. 501, 88 P. 2d 331. It appears that the mandate of this court was followed, and therefore, after the same was spread of record in accordance with the opinion, there was nothing further to litigate, and the appeal should be, and the same is hereby, dismissed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.