EVANS et ux. v. BRUBAKER.

No. 35369.   July 29, 1952.

*247 P. 2d 511.*

Manatt, Knight & Knight, Tulsa, for plaintiffs in error.

F. J. Lucas and John L. Ward, Jr., Tulsa, for defendant in error.

BINGAMAN, J.   This action was brought by the plaintiff, Donald W. Brubaker, against the defendants, Gomer Evans and Eloise Evans, his wife, to foreclose a mechanic's lien upon certain farm property in Tulsa county. The court overruled the motion of defendants for directed verdict and submitted the cause to a jury, which rendered a verdict for plaintiff, and the court rendered judgment on the verdict. Defendants appeal.

The petition is in the usual form for the foreclosure of mechanic's lien for work done and materials furnished by plaintiff upon the lands of defendants. In their answer defendants pleaded a

certain contract made between Gomer Evans and plaintiff, whereby plaintiff accepted a Buick automobile in full payment of all sums due or to become due in the completion of the work. In his reply plaintiff set up that after he received said automobile, which had been represented to him as in first class condition with a new-car guarantee, he discovered that the car had theretofore been wrecked, and was not a new car as represented by Evans; that he returned the automobile to Evans, and Evans agreed to take the car back and pay him the balance due; that thereafter Evans paid him $100 on account, leaving a balance due of $913.47, for which he sued. He also asked for an attorney's fee of $150.

The case was tried to a jury and the evidence produced by plaintiff, although somewhat contradictory in some respects, was to the effect that at the time he accepted the car he had not completed the work, and that Evans, who was a used car dealer, represented to him that the car was in first class condition and had been used by his wife, and gave him a 90 day guarantee thereon; that thereafter he discovered the car had been in a wreck and had been repaired and rebuilt; that he thereupon returned the car to Evans and Evans agreed to take the car back and to pay plaintiff the balance due on his account as soon as he could sell the car. He testified that thereafter Evans paid him $100 on account, and introduced a check for that amount in evidence, which check bore the notation "Deposit on Buick".

Plaintiff said he did not see that notation when he took the check and cashed it, but the record shows it was on the check when it was presented at the bank. It further appears that at the time defendant took the car he made a mortgage to Gomer Evans for the sum of $1,450, for which he received cash, and that Evans thereafter transferred the mortgage to Bankers Investment Company; that after plaintiff had turned the car back the Bankers Investment Company purported to foreclose the mortgage and the car was purchased by Evans for the sum of $1,450. Study of the evidence convinces us that no mortgage foreclosure actually took place, but that Evans, having endorsed the note made by plaintiff at the time it was sold to the Bankers Investment Company, simply paid off the note and mortgage.

The evidence produced by defendants tended to prove that after the car was delivered to plaintiff on December 22, 1950, he complained about the condition of the car to Gomer Evans and later, on January 4th, returned the car; that Evans did not repurchase the car or take it back but simply promised to sell it for plaintiff if he could. But Evans, although he admits he subsequently sold the car, did not offer at any time to pay plaintiff the balance of the purchase price after deducting the $1,450 paid to Bankers Investment Company, nor did he explain the notation on his $100 check. He testified that he never made a deposit on a car he bought, and that he gave the check to plaintiff to make a payment on the mortgage held by Bankers Investment Company, although at that time no payment was due.

This conflicting evidence was by the trial court submitted to the jury under instructions of which neither party complains. The court in effect instructed the jury that in order to find for the plaintiff they must find that the contract between the parties had been canceled and that they had made a new contract whereby defendants obligated themselves to take back the car and pay plaintiff the balance due, and that if they failed to find that plaintiff had established such facts by a preponderance of the evidence it was their duty to return a verdict for defendants.

Defendants' sole contention is that the delivery of the car to plaintiff in full satisfaction of his account paid the account in full, and that he could not thereafter bring suit upon it. Plaintiff

contends that where the parties, by mutual agreement, rescinded their contract for the sale of the Buick to plaintiff, and defendants accepted the return of the car and thereafter paid plaintiff $100 on account, the contract between the parties was canceled and annulled and they were left in their original situation.

While the evidence of plaintiff is somewhat contradictory, we think it sufficient to take to the jury the question of whether the contract was in fact rescinded and the parties restored to their original situation. While we have not found a case exactly in point and none are cited in the briefs, the case of American Academy of Accountancy v. Jones, 186 Okla. 83, 96 P. 2d 73, presents a somewhat similar situation.

In 12 Am. Jur. p. 1038, Sec. 455, the author says:

"The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract."

To the same effect is 17 C.J.S. p. 884, Sec. 392.

In the instant case the jury evidently believed the testimony of the plaintiff, and where the evidence is conflicting and there is any competent evidence to sustain the verdict of the jury, the judgment based thereon will not be disturbed on appeal. Ronspiez v. Chambers, 203 Okla. 664, 226 P. 2d 388.

Judgment affirmed.

Plaintiff, in his brief, asked for judgment on the supersedeas bond filed by defendants.

Judgment is therefore rendered against Gomer Evans and Eloise Evans as principals, and C. M. Spears, as surety, in the sum of $913.47, with interest at the rate of 6 per cent per annum from February 21, 1951, together with costs and attorney's fee in the sum of $150.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.