BERLAND'S INC. OF TULSA, a corporation, Plaintiff in Error,

v.

NORTHSIDE VILLAGE SHOPPING CENTER, INC., a corporation, and Aetna Life Insurance Company, a corporation, Defendants in Error.

No. 42836.

Supreme Court of Oklahoma.

Sept. 24, 1968.

Rehearing Denied Dec. 17, 1968.

Carl Pinkerton, James C. Pinkerton, Tulsa, for plaintiff in error.

Covington, Gibbon & Poe, A. M. Covington, Tulsa, for defendants in error.

DAVISON, Justice.

This is the second appeal by Berland's Inc. in this case. The decision in the first appeal appears in 378 P.2d 860 and reference is made thereto for a statement of the original controversy between the parties that was presented to this court. We will refer to Berland's Inc. as "Berland" and Northside Village Shopping Center, Inc. as "Northside."

As reflected by our earlier opinion, Berland filed suit to rescind and cancel a retail store lease agreement between Northside, as lessor, and Berland, as lessee, on the ground that Northside had failed to provide vehicle parking in the shopping center, in which the store was located, in accordance with the lease provisions. Berland offered to restore to Northside everything of value, if any, received by Berland, and asked that the lease be rescinded and canceled and the parties restored to status quo. The trial of the issues in the case resulted in a judgment denying Berland any relief. Berland appealed to this court and we held the judgment was clearly against the weight of the evidence, that the judgment should have rescinded and canceled the lease, and reversed the judgment and remanded the cause with directions to render judgment in accordance with the views therein expressed. The mandate directed the trial court to cause such reversal and remand to be shown of record and "to issue such process and take such other and further action as may be in accord with right and justice and said opinion."

Berland then filed in the lower court its Application for Restoration to Status Quo. The lower court entered the mandate of record and rendered judgment rescinding and canceling the lease and gave the defendants Northside and Aetna Life Insurance Company time to plead to Berland's application. Defendants filed a motion to strike the application on the ground that it was an effort by Berland to retry the matter, that the court had rendered judgment according to our decision, and was the only judgment which could be rendered on the testimony given at the trial, and that no reservations were made by Berland at the time the cause was previously submitted. The lower court sustained the defendants' motion to strike, stating the decision of this court barred and precluded Berland from obtaining any judgment or relief of restoration to status quo or any other relief except the judgment of cancellation and rescission of the lease, and held Berland had no right "to file any other pleadings or take any evidence or otherwise to prosecute its claims and demands for a restoration to status quo or have any other equitable relief."

At the time of rendering the above judgment the judge of the lower court filed in the case a lengthy statement containing his understanding of the evidence at the original trial and what we construe to be his reasons for rendering such judgment. As we understand the judge's statement, the reasons given are basically that the original trial judge, and this court on the first appeal, treated Berland's action as one for rescission and cancellation and nothing more; that our decision directed rendition of a judgment of rescission and cancellation of the lease, which was done; that the evidence at the trial did not present the issue of return to status quo, and res judicata prevented a retrial of that issue; and that Berland (must have) expected to make the rental payments so long as it occupied the space.

Berland contends that the lower court erred in construing our opinion as restricting the lower court on remand of the cause to rendering only a judgment for rescission

and cancellation of the lease and nothing more.

As above stated, our opinion on the first appeal directed the lower court to render a judgment rescinding and canceling the lease and the mandate further directed the lower court "to take such other and further action as may be in accord with right and justice and said opinion."

■ In Harper v. Aetna Building & Loan Ass'n, 88 Okl. 128, 211 P. 1031, we stated as follows:

"When a cause is reversed and remanded by the Supreme Court and the mandate is received and entered of record by the trial court, then the trial court is vested with jurisdiction to make any order or enter any judgment in the further progress of the cause not inconsistent with the decision of the Supreme Court, and in making such orders the trial court has jurisdiction to interpret the decision and mandate of the Supreme Court."

The circumstances in the Harper case are similar, or analogous, to those in the present case. Aetna filed suit for judgment on a note and foreclosure of the mortgage securing the note. The defendants answered with a plea of usury. The trial court held the contract usurious and deducted double the amount of the interest and charges from the debt and rendered judgment for the reduced amount and for foreclosure of the mortgage. All parties appealed (Holt v. Aetna Building & Loan Ass'n, 78 Okl. 307, 190 P. 872). We held the transaction was not usurious and reversed with directions to render judgment for Aetna for the principal of the note less certain credits. The mandate was substantially the same as in the present case. The lower court then tried the matter and rendered judgment for Aetna for the amount due on the note *and for foreclosure of the mortgage.* Harper, who claimed to be the owner of the property, appealed from the judgment, and in the Harper case urged that the foreclosure portion of the judgment was void, because under the directions in the opinion and mandate the court had

no power to render any other or further judgment than a judgment against the defendants for the sums the decision found were due. We denied this contention on the grounds that in the prior appeal no question touching the validity or invalidity of the mortgage was presented or decided; that it would naturally follow that the mortgage was valid as security for the legal indebtedness found to be due; that the mortgage and its foreclosure were incidents to the indebtedness; and that the "right and justice" provision in the mandate required a judgment of foreclosure of the mortgage in addition to the money judgment. We held that the court properly rendered a judgment for foreclosure of the mortgage.

In the present case the earlier judgment denied Berland's action and prayer for relief by rescission of the lease and, since rescission of the lease was prerequisite to the right to have the parties returned to status quo, the judgment effectively denied any return of the parties to status quo. In the appeal from that judgment and in our decision no question was raised and no determination was made concerning the proposition of returning the parties to status quo. The question presented in that appeal was whether the judgment was clearly against the weight of the evidence showing Berland was entitled to rescission and cancellation of the lease. We held it was and reversed the judgment. The matter of returning the parties to status quo was left open.

In State ex rel. Goldsborough v. Huston, 28 Okl. 718, 116 P. 161, we held as follows:

"The district court may hear and determine any matters left open by the mandate of this court, and judgment rendered and entered thereon can be reviewed in this court by a new proceeding in error only."

■ We also point out that, as stated in our first opinion, a suit for rescission and cancellation of a lease is an action of equitable cognizance and governed by principles of equity.

■ In Watkins v. McComber, 208 Okl. 352, 256 P.2d 158, 162, we held that when a court of equity has obtained jurisdiction of a controversy on any ground or for any purpose, it will retain jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter, and to avoid a multiplicity of suits.

And in Franklin v. Margay Oil Corporation, 194 Okl. 519, 153 P.2d 486, 500, we held that the power is conferred and the duty is imposed upon a court of equity, which has acquired jurisdiction, to consider and determine all the rights and claims of the parties relating to the subject matter and to enter a decree that will finally determine them.

■ It is our conclusion that the decision and mandate in the earlier appeal did not restrict or limit the lower court in further proceeding to hear and determine any and all proper rights and claims of Berland incident to and flowing from the judgment for rescission and cancellation of the lease that the lower court was directed to enter in the cause. The lower court had a duty to do this.

Berland contends rescission includes restoration to status quo and that upon rendition of the judgment for rescission and cancellation of the lease the lower court should have proceeded to further try the matter and, after hearing the evidence of the parties, enter a decree restoring the parties to status quo.

Preliminary to our determination of this proposition we point out that the return of the parties to status quo was presented as an issue by the original pleadings filed in the case, which was the subject of our decision in the first appeal and appearing in 378 P.2d 860. Berland alleged in its petition that it had received nothing of value under the lease, but if it was determined that it had received something of value, then it offered to restore the same. Berland alleged the rentals paid by it and asked that these and all other things of value received by the defendants be restored to Berland, and that

the parties be restored to status quo. In the original trial Berland introduced proof as to the amount of rentals and other expenses paid by it. The first judgment denied Berland any relief and thereby denied rescission and any relief in the nature of return to status quo which was contingent upon rescission of the lease. The later judgment of rescission and cancellation of the lease removed any impediment to the enforcement of the right of Berland to be restored to status quo.

■ In Hooper v. Commercial Lumber Company, Okl., 341 P.2d 596, 598, this court held that on rescission of a contract, it is avoided ab initio, and the rights of the parties in reference to the subject matter of it are the same as if no contract had ever been made.

In Evans v. Brubaker, 207 Okl. 42, 247 P.2d 511, 513, we stated:

"In 12 Am.Jur. p. 1038, Sec. 455, the author says:

'The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract.'

To the same effect is 17 C.J.S. Contracts § 392, p. 884."

In 17 Am.Jur.2d, Contracts, Sec. 516, p. 1002, it is stated as follows:

"As a general thing, the effect of a rescission is to extinguish the contract and to annihilate it so effectually that in contemplation of law it has never had any existence, even for the purpose of being broken. Accordingly, it has been said that a lawful rescission of an agreement puts an end to it for all purposes, not only to preclude the recovery of the contract price, but also to prevent the recovery of damages for breach of the contract."

■ And in Ware v. City of Tulsa, Okl., 312 P.2d 946, 950, we held that there can be no partial rescission of a contract and it must be either valid or void in toto, and in such latter instance, the parties must be placed in status quo.

See also West v. Madansky, 80 Okl. 161, 194 P. 439; Black on Rescission and Cancellation, 2nd Edition, Vol. 1, Sec. 1; and A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942.

■ Under these authorities a return of the parties to status quo by restoring to each other everything of value received under the contract is required after rescission of the contract. This is recognized in our statute, 15 O.S.1961, Sec. 235, in which it is provided that the party rescinding "must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

In Edwards v. Miller, 102 Okl. 189, 228 P. 1105, it was held that to place a party in status quo, means to place such party in the same position in which he was situated at the time of the execution of the contract, and to do so it is generally required that there be paid to such party all moneys, necessarily, properly, and judiciously expended by such party in good faith in discharging the duties apparently imposed upon him by such contract.

In 17A C.J.S. Contracts § 442, it is stated:

"The implied obligation of the parties to restore everything of value received under the contract remains and may be enforced *after rescission.*" (Emphasis added)

It must be recognized in the present case, where Berland has paid rent, and occupied and operated the store for a considerable time, that there must necessarily be a hearing and a determination of the claims and equities between the parties in order to administer just and equitable relief to them in restoring them to status quo.

In 12 C.J.S. Cancellation of Instruments § 77, pp. 1077, 1078, we find the following statement:

"When a court of equity has obtained jurisdiction of a bill for rescission or cancellation, it will retain jurisdiction

for the purpose of adjusting all the rights and claims of the parties growing out of the transaction complained of, so as to do complete equity and leave nothing for future litigation which it can dispose of in the exercise of its equitable powers on the parties before it. In other words, the court in such actions will exercise as far as possible its inherent power to administer just and equitable relief to the parties, commensurate with the special circumstances and conditions of the case."

From the above authorities we conclude that it is clear the lower court erred in sustaining the motion to strike Berland's application for restoration to status quo. The court should have proceeded as a court of equity to hear any evidence offered on the proposition of returning Berland to status quo after rescission and cancellation of the lease, and should have restored Berland to status quo. In the present status of the case Northside would retain all rents paid it under a void and in effect a non-existent lease.

The defendants Northside and Aetna contend the lower court performed all that was expected of it when the judgment was rendered rescinding and canceling the lease, and that the lower court was powerless to grant any further relief by way of damages or status quo because of no evidence that would permit such if it desired to do so.

Our prior discussion and conclusions dispose of this proposition contrary to defendants' contention. In this connection defendants point to the statement in the first decision that "This is an action for cancellation of the lease and not for damages," as expressing an opinion or conclusion by this court that Berland's action was only for rescission and cancellation of the lease and did not seek the additional or incidental relief of restoration to status quo. Defendants' deduction is erroneous. An examination of our opinion will reveal that we were distinguishing Berland's equitable action for rescission from an action at law for damages for breach of the lease. An

action at law for damages for a breach of the lease would have constituted an affirmance of the lease and therefore inconsistent with rescission, which involves repudiation of the lease and restoration of the parties to the relative positions which they would have occupied if no such lease had ever been made.

■ Defendants cite authorities holding res judicata applies not only to issues before the court but to all issues which may have been included and, in effect, contend that the issues and evidence presented at the earlier trial restrict and limit Berland and the lower court in the proceedings following the delayed rescission. We do not dispute the above general rule of law, but in the present situation it should not be applied to the proceeding for restoration. The first judgment generally denied Berland any relief and this included rescission and return to status quo. The judge in that trial made findings of fact, as narrated in our original decision, from which he concluded the breach of the lease was not so substantial or fundamental as to defeat the object of the contract and that the breach had been waived by Berland. This defeated rescission and, since rescission was necessary to return to status quo, no determination was made of what would constitute a return to status quo at the time of that trial. In the interim period a considerable time has elapsed and those things of value received by the parties in such interim are subjects for consideration in a return to status quo. The doctrine of res judicata is not applicable.

Defendants also contend that the lower court was correct in holding Berland was estopped or had waived the right to complain of the payment of the rents, maintenance charges and expense of fixtures, in that Berland had affirmatively shown its acceptance of that part of the lease by accepting possession and starting operations without any reservation or objection to such payments and expenditures.

This is only another phase of the contention made in the original appeal, that

Berland had waived the breach of the lease by taking possession and paying the rent. We denied this contention in our first decision.

In Pyle v. Pennington Grocery Co., 187 Okl. 133, 101 P.2d 847, we held that the decision on the first appeal becomes the "law of the case" in all subsequent stages.

Furthermore, as stated above, there can be no partial rescission of a contract and it must be either valid or void in toto. Ware v. City of Tulsa, supra. Defendants' contention has no merit.

The judgment of the District Court is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with the views herein expressed.

All of the Justices concur.