2006 OK CIV APP 9

**VOLVO COMMERCIAL FINANCE, LLC, THE AMERICAS,** successor in interest to Volvo Commercial Finance Inc., The Americas, formerly known as Volvo Truck Finance North American, Inc., **Plaintiff/Appellant,**

v.

**HOUDEK ENTERPRISES, INC.,** a Texas Corporation; **Defendant/Appellee,**

Charles McClellan, d/b/a B & C Auto, an individual; Harold Wiggins, an individual, deceased, and his known and unknown heirs, successors and assigns; Michael Wiggins; State of Oklahoma ex rel Oklahoma Tax Commission; and Firststar Equipment Finance Corporation, a Delaware corporation, Defendants.

**No. 100,353.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 16, 2005.

Certiorari Denied Jan. 10, 2006.

John B. Heatly, Fellers, Snider, Blankenship, Bailey & Tippins, Oklahoma City, OK, for Appellant.

Max C. Tuepker, Max C. Tuepker, P.C., Oklahoma City, OK, for Appellee.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff Volvo Commercial Finance, L.L.C., The Americas (VCF) seeks review of an order requiring it to pay $73,389.00 in attorney fees to Defendant Houdek Enterprises, Inc. (Houdek), upon re-consideration of a $36,945.00 fee award remanded *in light of factors favorable to VCF*. VCF contends the trial court abused its discretion on remand, but Houdek maintains that the attorney fee award was reasonable. Upon review of the record, we reverse and remand for further proceedings.

¶ 2 In August 1998, Harold Wiggins bought a new $97,000 diesel tractor (Truck), which he purchased in Texas, financed through VCF. In December 1998, Harold Wiggins had a heart attack while driving the Truck, resulting in his death and some property damage to the Truck. Harold Wiggins' son, Michael, brought the truck to Oklahoma, and, on December 21, 1998, called and informed VCF of his father's death and inquired about the loan payoff amount.

¶ 3 On February 2, 1999, VCF sent a default notice, which Michael read and realized that VCF had begun the process of repossessing the Truck. In response, Michael placed the Truck in storage at B & C Auto, owned by Defendant Charles McClellan. Michael described a plan to attempt to collect storage charges from VCF, with the first $1,000.00 going to Michael and he and McClellan splitting the rest. McClellan denied this scheme.

¶ 4 In May 1999, McClellan commenced proceedings to foreclose his alleged storage lien of $2,505.00 for charges incurred between December 1998 and May 1999.[1] On May 25, 1999, McClellan sent notice of a June foreclosure sale to Michael and VCF. However, no third-party bidders appeared at the sale, so McClellan claimed the Truck in satisfaction of his lien.

¶ 5 On June 10, 1999, McClellan took the foreclosure sale documents to the Oklahoma Tax Commission (OTC) and obtained a Certificate of Title. On June 17, 1999, VCF contacted McClellan about the Truck. On June 30, 1999, OTC issued a Certificate of Title showing McClellan as owner and listing no lienholder.

---

1. The trial court subsequently reduced McClellan's lien to $1,470.00, finding McClellan only stored the Truck between February 1999 and May 1999.

¶ 6 On July 20, 1999, McClellan sold the Truck for $72,000.000 under a lease/ purchase agreement with Houdek as lessee and Firstar Equipment Finance Corporation (Firstar) as owner and lessor. Prior to purchase, Houdek telephoned the OTC to verify that the Truck had a clear title. After funds were deducted for repairs, McClellan received $69,500.00. Houdek took the Truck to Texas.

¶ 7 On July 27, 1999, VCF filed suit against McClellan, Michael Wiggins, the estate of Harold Wiggins, OTC and John Doe Defendants. On August 7, 1999, Texas DOT issued a title showing Houdek as lessee and Firstar as owner. Houdek and Firstar were subsequently joined as parties, substituted in place of the John Doe Defendants. VCF sought replevin and recovery of sale proceeds, claiming unjust enrichment and invalidity of the foreclosure sale.

¶ 8 VCF sought partial summary judgment, alleging invalidity of McClellan's lien and insufficiency of the foreclosure sale notice. Houdek objected to VCF's requested summary relief, although the lien and foreclosure transactions occurred prior to Houdek's purchase. The trial court denied VCF declaratory relief and held a non-jury trial. The trial court found in favor of McClellan and in favor of Houdek, finding Houdek was a *bona fide* purchaser (BFP) without notice of VCF's lien, and entitled to possession of the Truck.

¶ 9 Following judgment against VCF, the trial court conduced an evidentiary hearing on attorney fees. VCF introduced expert testimony and exhibits argued to show a portion of Houdek's attorney fees were generated in response to VCF's summary judgment motion on the McClellan lien issues. However, the trial court granted Houdek attorney fees of $36,945.00,[2] citing to both replevin and lien statutes.[3]

¶ 10 VCF appealed. The Oklahoma Court of Civil Appeals (COCA) reversed in part, and affirmed in part. *Volvo Commercial*

*Finance v. McClellan,* 2003 OK CIV APP 27, ¶ 20, 69 P.3d 274, 280 (hereinafter, *Volvo I* ).[4] COCA noted that Harold Wiggin's beneficiaries had not been determined through the exclusive jurisdiction of a court acting in probate. *Volvo I,* ¶ 15 at 278, 279. Nonetheless, after his father's death, Michael Wiggins transferred possession of the Truck to McClellan. COCA held that McClellan could not assert a lien on the Truck under these circumstances and, thus, Michael alone was responsible for payment of McClellan's storage charges. *Volvo I,* ¶ 20 at 280.

¶ 11 COCA held that it was VCF which had a right to lawfully possess the Truck upon the death of Harold Wiggins. *Id.* Based upon these facts, COCA held VCF's lien had priority over McClellan's storage fee claim. *Id.* COCA further held that, even if McClellan obtained a storage lien, he forfeited his lien claim by failing to comply with statutory duties to report storage of the Truck to the Department of Public Safety. *Volvo I,* ¶ 27 at 282.

¶ 12 In sum, COCA held that VCF was the prevailing party over McClellan, *reversed* the judgment in favor of McClellan, and *reversed* the award of attorney fees to McClellan. *Id.* Additionally, COCA remanded the award of attorney fees to Houdek to the trial court for a re-determination "[b]ecause the trial court entered its attorney fee award while under the belief that VCF lost on all issues ..." *Volvo I,* ¶ 34 at 284. COCA emphasized to the trial court the equitable factor that VCF was an innocent party:

> [W]e emphasize that all three [VCF, Houdek and Firstar] are innocent parties ... we remand the fee award ... with respect to ... Houdek ... with direction that the trial court *reconsider the same in light of this opinion.*

*Volvo I,* ¶ 34 at 284. (Emphasis added.)

¶ 13 After the COCA opinion, Houdek filed a motion for appeal related attorney fees. A substantial portion of Houdek's appellate

2. The trial court's Order additionally imposed upon VCF $39,060.00 for McClellan's attorney fees and $30,931.25 for Firstar's attorney fees.

3. 12 O.S.2001 § 1580 and 42 O.S.2001 § 176.

4. In *Volvo I,* the author of this opinion certified his disqualification in that appeal for reasons related to parties who are not involved in the present appeal.

briefing was devoted to defending McClellan's lien transactions. The Supreme Court granted Houdek's motion for appellate related fees, citing only the replevin statute. 12 O.S.2001 § 1580.

¶ 14 The trial court received the case on remand with COCA's order to reconsider Houdek's attorney fee award in light of factors that warranted a *reduction* of Houdek's fee award imposed against VCF. However, the trial court on remand awarded Houdek the same amount of trial related attorney fees as before, appellate fees of $20,690.00 and postremand fees of $15,754.00. The result being that the trial court, on remand, increased the fee award to Houdek by nearly 100%, totaling $73,389.00.[5]

■ ¶ 15 Whether the amount of an attorney fee award is reasonable presents a question of fact, reviewed on appeal under an abuse of discretion standard. *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 22, 598 P.2d 659, 663. "Discretion is abused when a trial judge makes a clearly erroneous conclusion and judgment, against reason and evidence." *Finnell v. Seismic,* 2003 OK 35, ¶ 8, 67 P.3d 339, 342.

■ ¶ 16 The excessiveness of the attorney fee award imposed upon VCF in favor of Houdek, in light of VCF being the prevailing party on the McClellan lien issues, was clearly established by *Volvo I.* Once COCA addressed the reasonableness of the Houdek fee award and made its determination, it was no longer subject to *"nisi prius* postremand out-of-hand rejection." *See, Smedsrud v. Powell,* 2002 OK 87, ¶ 15, 61 P.3d 891, 896. Awarding the *same* amount of trial related fees and imposing fees for services reasonably attributable to the McClellan lien issues on which VCF was now with prevailing party "stood clearly eliminated by the settled law of *[Volvo] I." See, Smedsrud,* ¶ 23 at 898, 899.

In the postremand summary process neither the trial court nor the defendant could force upon the plaintiff a theory of recovery ... inconsistent with, that which stands protected to him against *nisi prius* elimination by the settled law of his claim.

*Smedsrud,* ¶ 29 at 900. On remand, the issue of Houdek's entitlement to the full amount of trial related fees initially granted was no longer open for consideration, and the trial court was bound to decide the reasonableness of all attorney fees awarded in a manner consistent with the law-of-the-case. *See, Childs v. Cook,* 1918 OK 342, ¶ 17, 174 P. 274, 279.

■ ¶ 17 "Indeed, the appellate adjudication ... precludes a contrary conclusion on the same facts after remand." *Oaks Owners' Ass'n, Inc. v. Keim,* 2004 OK CIV APP 63, ¶ 23, 96 P.3d 1200, 1205. "When an appellate court rules upon an issue, that ruling becomes the law-of-the-case and controls all subsequent proceedings in the action ...." *Gay v. Hartford Underwriters Ins. Co.,* 1995 OK 97, ¶ 18, 904 P.2d 83. The "decision on the first appeal becomes the 'law of the case'...." *Berland's of Tulsa v. Northside Village Shopping Center,* 1968 OK 136, ¶ 33, 447 P.2d 768, 774. "Where a case is remanded, the trial court is bound by the settled law of the case." *Robert L. Wheeler, Inc. v. Scott,* 1991 OK 95, ¶ 10, 818 P.2d 475, 479.

¶ 18 In this respect, the "settled-law-of-the-case" doctrine "is a rule of judicial economy designed to prevent an appellate court from twice having to deal with the same issue." *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195. However, we find ourselves again dealing with the issue of Houdek being awarded attorney fees on claims where VCF prevailed.

¶ 19 Under the facts of this case, the lawyers on remand were obligated to "provide for the trial court the data necessary to document the method used to arrive at an attorney's-fee award." *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 16, 977 P.2d 357, 364. However, on remand, Houdek resubmitted its original attorney fee application for trial related fees and attorney fee bills for appeal and postremand services, with no attempt to reasonably reduce its hours so to exclude its unsuccessful efforts to defend the McClellan lien transactions on either the trial or appellate levels.

---

5. The trial court also granted attorney fees to Firstar in an amount in excess of that originally granted, but the parties settled and, thus, the Firstar award is not addressed herein.

¶ 20 In the present case, the replevin statute provides: "The judgment rendered in favor of the prevailing party in such action *may* include a reasonable attorney fee to be set by the court...." 12 O.S. § 1580. (Emphasis added.) When determining a "reasonable" attorney fee award, the court must consider the amount in light of the extent to which the party prevailed. *See Tibbetts v. Sight 'n Sound Appliance Centers, Inc.*, 2003 OK 72, ¶ 11, 77 P.3d 1042, 1049. A review of the record reveals that Houdek prevailed only on the replevin issue, although it devoted substantial litigation efforts to defending McClellan's lien transactions, on both the trial and appellate levels.

¶ 21 Instead, Houdek argues it should be compensated for the time it spent defending the McClellan lien issues, even though unsuccessful, because in order to prevail on the replevin claim, Houdek had to defeat the claims against McClellan. The results of litigation prove otherwise because VCF prevailed on the McClellan lien issues, but Houdek, nonetheless, prevailed on the replevin claim. Thus, we reject the argument that it was necessary for Houdek to defend McClellan's lien transactions in order to prevail on the replevin claim.

¶ 22 Furthermore, Houdek contends that because it did not keep sufficiently detailed or itemized billing records, the trial court could not allocate its attorney fees between litigation on lien issues and litigation on the replevin/BFP issues. However, the trial court had other evidence on which to base an allocation. Expert testimony was presented that it would be reasonable to attribute 50% of Houdek's attorney fees to issues other than replevin. In *Olansen v. Texaco, Inc.*, 1978 OK 139, ¶ 44, 587 P.2d 976, 987, the Court held that although the parties could not testify as to a definite estimate on allocation of time, there nevertheless was evidence before the trial court from which to fix a fee representative of the time spent on one portion of the litigation. Indeed, on remand, the trial court granted, based upon the record before it, VCF attorney fees against McClellan allocated basically 1/4 to 3/4 between the replevin and lien causes of action. Clearly, the record contains evidence from which the trial court could fix a fee representative of time Houdek spent on the replevin versus lien issues.

¶ 23 Additionally, time spent is but one consideration when determining a reasonable attorney fee because the " ' ... time element must be considered in connection with other factors.' " *Southwestern Bell,* 1987 OK 16, ¶ 14, 737 P.2d 1186, 1189. *Volvo I* emphasized that equities now existed in favor of VCF that were not present when the initial attorney fee award was granted, specifically that VCF was now a prevailing party and, along with Houdek, an innocent party. The reasonableness of the fee award must not only be supported by evidence but also must be equitable because post judgement proceedings to award attorney fees are "in the nature of an equity suit...." *Tisdale v. Wheeler Bros. Grain Co., Inc.*, 1979 OK 94, ¶ 3, 599 P.2d 1104, 1105.

### Conclusion

¶ 24 In *Volvo I,* the trial court was directed to balance the equities on remand that existed in favor of VCF when re-determining the attorney fee award to Houdek. However, the trial court failed to follow these directions and failed to employ the principles determined by COCA by imposing the *same* amount of trial related attorney fees, by assessing an additional $20,690.00 appellate fees and $15,754.00 postremand fees, which on its face defeated the purpose of *Volvo I* of remanding for an attorney fee reduction. On remand, the trial court was duty bound to reach a conclusion consistent with COCA's opinion pertaining to Houdek's fee award. Instead, the trial court imposed almost a 100% increase in the fees awarded to Houdek. We find that the trial court abused its discretion. We REVERSE the order of the trial court and REMAND for entry of an order, on the existing record, consistent with this opinion and with *Volvo I.*

HANSEN, J., and BUETTNER, C.J., concur.